AL BANKSTON, ALIAS DERBY KID, V. THE STATE.

No. 4357.   Decided February 28, 1917.

**1.—Murder—Motion for New Trial—Notice of Appeal—Supplemental Motion—Jurisdiction.**

Where defendant filed his motion and amended motion for new trial which the court overruled, and notice of appeal was given, and he thereafter filed a supplemental motion for a new trial with the permission and upon the suggestion of the trial judge during the same term of court, and the motion to withdraw notice of appeal was granted but not entered of record, and the trial court awarded a new trial. Held, this was proper practice, and the appeal to this court was thereby concluded and the jurisdiction reattached to the trial court.

**2.—Same—Notice of Appeal—Rule Stated—Jurisdiction of Trial Courts.**

Under the present statute, as amended, notice of appeal may be entered nunc pro tunc, and although not entered in the instant case, where the court suggested and permitted the filing of a supplemental motion for new trial after notice of appeal, it would amount to setting aside the former notice of appeal. See opinion for discussion of this matter, and upon what condition the jurisdiction reattaches to the District Court, again emphasizing the rule that the trial court had jurisdiction of its orders, judgments, and decrees during the term of court, with power to dispose of them as right and justice would suggest. Following Bundick v. State, 59 Texas Crim. Rep., 9, and other cases.

**3.—Same—Right of Appeal—Notice of Appeal—Practice in District Court.**

Where the court overrules a subsequent motion for new trial, another notice of appeal should be given, but this would not apply where defendant obtains a new trial, and the former notice of appeal necessarily passes with it, and the jurisdiction reattaches to the trial court.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of murder; penalty, thirty years imprisonment in the penitentiary.

The opinion states the case.

*Robert B. Allen,* for appellant.—On question of notice of appeal and order nunc pro tunc: Burnett v. State, 14 Texas, 455; Fricke v. State, 11 Texas Crim. App., 6; Gonzales v. State, 38 Texas Crim. Rep., 62; Estes v. State, 38 id., 506; Bundick v. State, 59 id., 9; Francis v. State, 79 id., 366; Torres v. State, 74 Texas Crim. Rep., 37, 166 S. W. Rep., 523; Collins v. State, 75 Texas Crim. Rep., 534; Walker v. State, 78 Texas Crim. Rep., 237, 181 S. W. Rep., 191; Humphres v. State, 79 Texas Crim. Rep., 637, 186 S. W. Rep., 332; Samples v. State, 80 Texas Crim. Rep., 418, 190 S. W. Rep., 486.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of withdrawal of notice of appeal: Ex parte Brandenburg, 63 Texas Crim. Rep., 577; Cameron v. Thurmond, 56 Texas, 22; Gustie v. State, 44 Texas Crim. Rep., 272.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder and allotted thirty years confinement in the penitentiary.

Motion and amended motion for new trial were properly filed, but were overruled by the court. Appellant gave notice of appeal. During the term at which the conviction occurred, and after notice of appeal had been given, a supplemental motion for new trial was filed with the permission, if not at the instigation, of the trial judge, upon newly discovered testimony. In answer to the supplemental motion the court awarded a new trial. This all occurred at the trial term. The notice of appeal previously entered was asked to be withdrawn at the time of the filing of the motion for new trial, which was granted, but was not entered of record. The county attorney asked an order of this court sending up the record, on the theory that as the notice of appeal had not been withdrawn, the action of the court on the supplemental motion for new trial was error, and that the conviction stood for appeal as if the supplemental motion had not been filed.

The question of practice involved in this matter, and appellant's rights thereunder, is the main question to be discussed. It has been the rule by statute, followed by decision, that notice of appeal must be given and entered of record at the term of conviction. By an Act of the last Legislature this statute was amended so that if the notice of appeal given should not be entered of record, it may be done by an order of the court nunc pro tunc as specified in the statute. The writer does not believe it necessary here to discuss that phase of the law. Subordinate to that, however, would be the question whether the withdrawal of the notice of appeal comes within the purview of the statute. We are of opinion that that is not important in this case for the reason that where the court orders, suggests or permits a supplemental motion for new trial to be filed, in order to meet the probable or real merits in justice to an appellant, it would amount to a setting aside of the former notice of appeal. Nor is it purposed here to discuss the question that arises in some of the cases of the attitude of the defendant where

he had given notice of appeal and entered into a recognizance for his liberty during the appeal. Under one line of cases it is held that where appellant has given notice of appeal as a means of attaching the jurisdiction of this court and files a supplemental motion thereafter for new trial without authority from the court, that it does not set aside the former notice of appeal, or rather it does not reattach the jurisdiction of the District Court. Another line of cases lay down the proposition that where the court hears the supplemental motion for new trial and refuses it, that another notice of appeal must be given; and in some instances it is held that this does not reattach the jurisdiction of the trial court, because it is tantamount, in legal effect, to a refusal to permit the filing of the motion for new trial, and does not change the status or attitude of the case. The former orders of the court stand in force and are not affected by the ruling under that line of cases. There is another line of cases which hold, substantially, that where motion for new trial is asked, and the court permits it, and the party is under bond, that he must surrender himself and ask the court to set aside the former ruling and entertain jurisdiction; and if the court does entertain jurisdiction but refuses a new trial, then another notice of appeal must be given. All lines of decision, so far as we are aware, however, adhere to the rule that the court has jurisdiction of its orders, judgments and decrees during the term of court, with the power to dispose of them as right and justice may suggest. None of those cases seem to be exactly in point with the questions here involved except Bundick's case, 59 Texas Crim. Rep., 9. This record discloses the fact that the supplemental motion was filed not only with the consent but at the suggestion of the trial judge, and new trial awarded after entertaining jurisdiction. That he had the right to entertain jurisdiction during the term of court is not debatable. Under the general power confided to the District Court, if the judge entertains jurisdiction after notice of appeal, and decides adversely to his former rulings, the writer is of the opinion that whether the notice of appeal has been specifically set aside or not, the action of the trial court in reassuming jurisdiction is a setting aside of the notice of appeal. If he overrules the subsequent motion for new trial it seems that, under the authorities, in order to attach the jurisdiction of this court, another notice of appeal should be given. Of course, notice of appeal would not be requisite except where the defendant was exercising the right of appeal. This would not apply where he obtains a new trial. If the court has the control of its judgments during the term and subsequently sets aside a former ruling or decree, and grants the new trial, there is nothing from which to appeal. The court has the authority to dispose of these matters during the term, and in case he assumes that authority and acts, his action in and of itself, in the mind of the writer, would set aside the verdict of the jury and all dependent matters. This matter came in the case of Bundick v. State, 59 Texas Crim. Rep., 9,—a case very similar to this, and might be said to be

upon "all-fours." The Bundick case was followed in Collins v. State, 75 Texas Crim. Rep., 534.

So the conclusion may be safely reached, in accordance with law, justice and right, and even under the rules of practice and procedure, that the court having authority to control its judgments, orders and decrees during its term, and exercises that, although notice of appeal had been previously given, it is a setting aside of his previous orders, where the subsequent order changes the attitude of the case. In other words, if appellant having been convicted, motion for new trial overruled, and notice of appeal given, it would leave him in the attitude of having to suffer the penalty, unless he obtained relief either in subsequent granting of a new trial or by an appeal to the Court of Criminal Appeals. If the court had authority to grant relief, where a proper showing is made, then by all the authorities and by the inherent power of the court to control its judgments during the term he could grant the new trial. He exercised that authority and having done so, there is no right of appeal where the motion for new trial is awarded appellant. The State can not appeal. Appellant can not appeal from awarding him a new trial which sets aside a conviction. It is only from a conviction he can appeal, and the State has no right in any event of an appeal.

So we hold that, when the court entertained jurisdiction of the supplemental motion for new trial, and granted the new trial, and set aside his former rulings and judgment of conviction, that the former notice of appeal necessarily passed with it; and that he had a right to do this during the term of court seems not to be questioned. We, therefore, hold that the District Court, granting the supplemental motion for new trial, vacated all previous orders holding appellant to a conviction. The case will stand for trial upon the docket as if he had not been previously convicted just as in any other case where a new trial is awarded. It was necessary to say as much as has been said in explanation of the ruling of this court.

The appeal, therefore, is dismissed in accord with views above expressed.

*Dismissed.*