**CUDE et al. v. SANDERSON.**

No. 12226.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 10, 1951.

Fischer, Wood, Lyle & Burney, Warren & Groce, Corpus Christi, for appellants.

King & Nesbitt, Lyman, Pittman & Schraub, Corpus Christi, for appellee.

928

NORVELL, Justice.

Appellee, H. J. Sanderson, has filed a motion to dismiss this appeal on the grounds that subsequent to the filing of an appeal bond in this case, the trial court granted a motion for a new trial and set aside the judgment appealed from.

The rule that the "perfection of an appeal transfers the entire controversy to the appellate court and clothes it with plenary exclusive jurisdiction over the entire controversy, both as to the parties and the subject matter," is subject "to the power of the trial court to modify or set aside its judgment before adjournment of the term." 3-A Tex.Jur. 412, Appeal & Error, § 335; Blum v. Wettermark, 58 Tex. 125; Churchill v. Martin, 65 Tex. 367, 368.

This case comes from the 117th District Court which has a territorial jurisdiction co-extensive with the limits of Nueces County, Texas. Its terms consist of a January-July term, which begins on the first Monday of January of each year and continues up to and including the Sunday preceding the first Monday in July of the same year, and a July-January term, which begins on the first Monday of July of each year and continues up to and including the Sunday preceding the first Monday in January of the succeeding year. Article 199, § 117, Vernon's Ann.Civ.Stats. Matters relating to the finality of judgments and the disposition of motions for new trial are therefore controlled by the provisions of Rule 330, Texas Rules of Civil Procedure.

Said Rule 330 provides that an original motion for new trial shall be filed within ten days after judgment is rendered "and may be amended by leave of the court at any time before it is acted on within twenty (20) days after it is filed," Rule 330, § (k); that "All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date," Rule 330, § (j), and that "Judgments of such civil district courts shall become as final after the expiration of 30 days after the date of judgment or after a motion for a new trial is overruled as if the term of court had expired." Rule 330, § (l).

In the present case, the judgment was rendered and notice of appeal given on August 29, 1950. The original motion for new trial was filed on September 8th, within the ten-day period. Rule 4, R.C.P. The amended motion setting up jury misconduct was filed on September 27th, within twenty days after the filing of the original motion on September 8th.

The case was tried by the Hon. Jack Pope, then Judge of the 94th District Court, sitting as Judge of the 117th District Court. Shortly after the date of rendition of judgment, Judge Pope became a member of this Court, and the Hon. Tillman Smith succeeded him as Judge of the 94th District Court. The parties agreed that Judge Smith should have additional time in which to hear and dispose of the amended motion for new trial and such time was duly extended by agreement in accordance with the provisions of Rule 330, § (j), until December 20th, at which time Judge Smith granted appellee's motion for new trial.

The trial court had authority to grant a new trial under the provisions of Rule 330, despite the fact that an appeal to this Court had been perfected. That authority was exercised and the judgment appealed from was set aside. It follows that the appeal from said judgment which is now vacated should be dismissed.

Appellee's motion to dismiss the appeal is granted.

W. O. MURRAY, C. J., concurs.

POPE, J., did not participate in the consideration and disposition of this motion.