## GARVIN v. HUFFT et al.

No. 14394.

Court of Civil Appeals of Texas. Dallas.

Sept. 28, 1951.

Rehearing Denied Oct. 26, 1951.

392

Cox & Cox, Sherman, for appellant.
Gullett & Gullett, Denison, for appellees.

BOND, Chief Justice.

This appeal is from a judgment of a District Court of Grayson County on application of appellee Geneva Jewel Hufft, joined by her husband W. H. Hufft, for an order of the court changing the care, custody and control of appellee's daughter, Judy Garvin, a minor, from appellant R. V. Garvin, the child's paternal grandfather, and awarding the child to its mother.

In 1944 the court granted custody of the child to the grandparents, Mr. and Mrs. R. V. Garvin. Mrs. Garvin died in November 1950, leaving the child in the custody of Mr. Garvin.

The suit was tried to the court without the aid of a jury and on November 24, 1950 the court rendered judgment changing the custody of the child and awarding the care, custody and control to the child's mother, appellee herein; and directed the appellant to deliver said child to said appellee. To which judgment the appellant R. V. Garvin, in open court, excepted and gave notice of appeal.

It will be observed from the judgment that the trial court fixed the amount of a supersedeas bond and made recitation in the judgment that it was entered on December 12, 1950, and made a suspension order "until final judgment rendered." On November 25, the day after rendition of such judgment, the appellant filed his original motion for new trial, and on December 2 the trial court entered a further order extending the term 30 days, reciting "in order to complete the trial of this cause." Then on December 26, 1950, more than 30 days after rendition of such judgment, appellant filed supersedeas appeal bond, and on December 29th, following the filing of said bond, over the objection and exception of the appellees, the court allowed the appellant to file an amended motion for new trial, setting up new and independent matters and newly discovered evidence; and on the same day the court heard said motion, overruled same, to which the appellant excepted and again gave notice of appeal. Then on January 17, 1951 the appellant filed a cost bond for appeal and in due time filed the record in this Court.

 The prerequisites of a bond on appeal to a Court of Civil Appeals are set forth in Rule 354, Texas Rules of Civil Procedure, and the time for the filing of such bond is fixed in Rule 356. A supersedeas bond is, in form and effect, an appeal bond and when approved and filed effectively stays further proceedings by the trial court and confers potential jurisdiction on the Court of Civil Appeals. Rule

330(j) provides that "All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed * * *"; and subd. (k), Id., provides: "A motion for new trial where required shall be filed within ten (10) days after the judgment is rendered or other order complained of is rendered, and may be amended by leave of the court at any time before it is acted on within twenty (20) days after it is filed." The time limit fixing the filing of motions for new trial and amendments thereof, and the time for filing of appeal bonds may not be extended by the trial court. Such prerequisites of appeal are jurisdictional. Brandon v. Tartt, Tex.Civ.App.1949, 220 S.W.2d 672; National Life & Accident Ins. Co. v. Collins, Tex.Civ.App.1949, 224 S.W.2d 285 (writ ref.). In Barnes v. Raymer, Tex.Civ.App. 1949, 224 S.W.2d 516, it is held that original motion for new trial not presented within 30 days after filing is overruled by operation of law and that amended motion for new trial filed more than 20 days after the filing of the original motion is a nullity and forms no basis for appeal.

 Reviewing the record here: The judgment complained of was rendered in the court below on November 24, 1950 and entered of record on December 12, 1950; and the limitation period for the filing of the motion for new trial is reckoned from the date the judgment was rendered. The original motion, filed on November 25, 1950, not having been presented to the court within 30 days as prescribed by Rule, it was overruled on December 25, 1950 by operation of law. Hence the limitation period for the filing of the appeal bond is reckoned from the date of the overruling of appellant's original motion, and the appeal bond having been filed on December 26, 1950, less than 30 days after the motion for new trial was overruled, this Court acquired potential jurisdiction. Hence all subsequent actions of the trial court shown in the record are nullities and not subject to consideration in this appeal.

Subsequent to the date of submission of this appeal, the appellee timely filed motion to strike appellant's amended motion for new trial filed on December 29, 1950, the statement of facts with reference to said amendment, and all proceedings of the trial court incident thereto, for the reason that the trial court had, on December 26, 1950, when appellant filed appeal bond, lost jurisdiction of the cause. We sustain appellee's motion.

 Appellant's first point of error is to the effect that the father of the child was a necessary and indispensable party to the cause of action, as the judgment affects his parental interest in the welfare of the child. It will be observed from the record that this contention was not raised in the court below, but only raised for the first time here in appellant's brief. The record shows that the father was present in court at the hearing of this cause; that he was sworn as a witness and gave evidence in support of appellant to obtain continued custody of the minor. He testified that he was interested in the welfare of the child, contributes to her support, that his father had reared the child and that it would be to the best interests of the child to have her left with his father. He gave no evidence that he desired the child's care, custody and control for himself. His actions in the premises manifest that he had abandoned parental custody of the child; and, in effect, to all intents and purposes, he was a party to the suit and had full knowledge of the judgment rendered, as though he were a party thereto by citation or personal appearance. We overrule appellant's contention that the cause should be reversed because the father was not a formal party thereto.

Appellant's further points of error (2, 3, and 4) challenge the findings and judgment of the trial court as having no support in the evidence,—therefore the court abused its discretion in changing the custody of the child. The judgment recites the findings of the court to the effect that after considering the pleadings, the evidence, the report of the child welfare department of the State of Texas, and argument of counsel, that R. V. Garvin, is not the proper person to have the care, custody and control of the minor child, Judy Garvin, that Geneva Jewel Hufft (the mother) is the proper

party, and that it is to the best interests of the welfare of the said child that the care, custody and control of said girl child be awarded to her mother. It will be observed from the findings of the court that it did not hold or find that the appellant is morally unfit or unworthy to have the care, custody and control of the child, and there is no evidence raising such issue. Equally so, there is no evidence that the mother, at the time of trial and for many years prior thereto, was morally unfit or unworthy. There is evidence, however, that in the early days of her married life, she having married at the age of twelve years (before 1944), the mother was guilty of indiscretions and failure of moral rectitude, all of which she readily admitted in court to be true. Nevertheless, she gave evidence that in 1946 she divorced her husband (father of the said child) and married her present husband, Mr. Hufft, and since that time she and her husband have been living happily together, own their own home, and are fully able to care for her daughter; that she loves her daughter. She was corroborated in this respect by her husband. Mrs. Hufft gave a detailed account of her indiscretions and failure during her first marriage, stemming from her husband's infidelity; because of which she lost all hope for a number of years and didn't care what she did. The evidence is replete that she has sincerely reformed, and the supervisor of the Grayson County Child Welfare unit, at the instance of the District Judge, made report of Mrs. Hufft's last marriage, that since 1944 she has been a good wife, happy in her home, entirely sincere and unselfish in her deportment and love for her daughter. On the other hand, as to the grandfather, the report of the supervisor evidences no unfitness to care for the child, except since the death of his wife there has been no one living at his home to properly take care of the child, he living alone and away most of daytime. The record shows that the grandfather lives on a farm, outside of the City of Denison, worked on the railroad, and that on the death of his wife it became necessary for him to call others to assist in taking care of the child when he was away.

He gave evidence that he had made arrangements with a tenant living nearby to aid him in looking after the minor.

The courts of this State accord trial courts wide latitude and generous discretion in child custody cases. "It has many times been said by the courts of this State, as well as other States of the Union, that in cases of this kind the principal concern of the courts is the welfare and best interests of the child or children involved. * * * In the case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, our Supreme Court held, in effect, that before the courts are warranted in depriving parents of the custody of their children and placing such custody in others, it must be established with reasonable certainty that the interests of the children demand that they be taken from their parents and placed or continued in the possession of others. That principle has been adhered to consistently by our courts and it is sanctioned by every precept of the law and sentiment of the human heart." Poss v. Anderson, Tex.Civ.App., 188 S.W.2d 726, 728. We are of the opinion that the trial court did not abuse its discretion in the disposition of this case, and that there is ample evidence in support of the court's judgment. The testimony warrants the conclusion, as we interpret the findings of the trial court, that both the appellant and the appellees are fit persons to have the custody of the child, and that prior to the death of the child's grandmother, a good home had been furnished her by the grandparents. But, on the death of the grandmother, the grandfather being left alone and the girl child bereft of all feminine care (so essential to the welfare of such minor), the court's conclusion was that the best interests of the child were with its mother, thus decreeing the child custody to appellee. We find no valid reason to hold that the trial court abused its discretion. Appellant's contentions are overruled. We have carefully reviewed appellant's other points of error and, concluding same do not present reversible error, they are overruled. The judgment of the court below therefore should be affirmed; it is so ordered.