CITY OF CORPUS CHRISTI

v.

GREGG et al.

No. 12716.

Court of Civil Appeals of Texas.

San Antonio.

March 31, 1954.

Rehearing Denied April 28, 1954.

I. M. Singer, Keys, Russell, Keys & Watson, Corpus Christi, for appellant.

Dan Moody, Austin, B. D. Tarlton, Corpus Christi, for appellees.

NORVELL, Justice.

Judgment below was rendered against the City of Corpus Christi, notwithstanding the verdict of the jury. Rule 301, Texas Rules of Civil Procedure. The prevailing parties in the district court have filed a motion to affirm this judgment upon certificate in accordance with the provisions of Rule 387. In determining if the time for filing the transcript in this Court under Rule 386 has expired, we must decide whether we should compute the time from the date of rendition of the judgment or from the date of overruling a motion for new trial filed by the City.

Judgment was rendered on November 19, 1953, and contained a notice of appeal. Although a motion for new trial was not a prerequisite for an appeal under Rule 324, the City filed a motion for new trial on November 30th, which was within the time prescribed by Rule 330(k), as November 29th was a Sunday. See Rule 4. An amended motion was timely filed on December 21st, as December 20th was also a Sunday. This motion was overruled by the court on February 1, 1954, and likewise contained a notice of appeal.

If we compute the time from November 19, 1953, the period for filing the transcript in this Court has expired and the motion for affirmance on certificate should be granted. On the other hand, if we compute the time from February 1, 1954, the period for filing the transcript has not expired and the motion should be overruled.

In the recent case of Jones v. Elliott, Tex.Civ.App., 259 S.W.2d 288, the Court held that when a notice of appeal was contained in the judgment and later a second notice was given in the order overruling the motion for new trial, the second notice controlled as far as the computation of time for the filing of an appeal bond under Rule 356 was concerned. The same rule would, of course, be applicable to the time for filing the transcript in this Court under Rule 386. In 4 McDonald, Texas Civil Practice, 1507, § 18.31, it is said that, "The notice (of appeal) may be given both after rendition of the judgment and after rendition of the order on the motion, in which event the later controls."

We think the rule stated should control here. It is, however, urged that such rule is inoperative because the City of Corpus Christi is not required to give a bond to perfect an appeal, Articles 1174 and 2072, Vernon's Ann.Civ.Stats. In other words, it is said that although a party appellant not exempt from giving an appeal bond is not conclusively bound to proceed without filing a motion for new trial, because a notice of appeal is contained in the judgment, nevertheless, such effect must be given where the party appellant is exempt from giving bond. There is no controlling precedent to support such theory, and in the absence thereof we decline to adopt the suggested construction of the rule which would make a nice distinction between the procedures permitted to classes of parties appellant. The wording of certain provisions of Rule 386 calls for an interpretation mandatory and ever harsh in operation. A failure to follow certain prerequisites often results in the loss of an appeal without consideration of the merits. When the public policy, requiring a prompt and orderly dispatch of judicial business, demands that such construction be given, the purpose and policy of the rule will be given effect. However, when a choice of interpretations of a portion of the rule is presented, that interpretation involving unnecessary hardship or harshness should not be chosen, for public policy likewise demands that we attend to the substance of things and not emphasize the "nice sharp quillets of the law." A construction favoring a decision of the appeal upon its merits should prevail if reasonably

tenable. One of the paramount purposes of the Rules of Civil Procedure is to provide the practicing lawyer with a set of plainly stated workable rules which he may safely follow. The rules provide that an appellant may appeal from a judgment with or without filing a motion for new trial. The Supreme Court so construed the statutes from which the rules were taken. Neeley v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101. This optional right should apply to all appellants alike. From the wording of the rules themselves a distinction cannot be raised between appellants required to file appeal bonds and those exempt from so doing, so as to make the giving of notice of appeal in the judgment a conclusive election as to one class of appellants. On the contrary, uniformity rather than discrimination is what one should expect from procedural rules. Undoubtedly the Legislature, in enacting Articles 1174 and 2072, had no intention of providing that municipalities should be deprived of a procedural option which is extended to other classes of litigants. Cf. Harmon v. City of Dallas, Tex. Civ.App., 229 S.W.2d 825.

As a basis for the distinction suggested, it is urged that we should adopt by analogy the argument used by the Supreme Court with regard to appeals and reviews by writ of error as provided for by various statutes as they existed in 1936 or prior thereto. See, Jarrell v. Farmers' & Merchants' State Bond Bank, 128 Tex. 332, 99 S.W.2d 281. Even if the analogy were tenable, we would not be inclined to distort a plainly stated procedural rule in order to conform to a pattern of verbal expression set forth some eighteen years ago in a case involving writ of error proceedings under statutes which have been substantially amended and changed. However, we do not have here a choice of two entirely different procedures, like those of appeal and writ of error as in the case above cited. An appeal from a judgment alone is involved and the question is whether to compute the time for filing the record in this Court from the date of the judgment or the date of overruling the motion for new trial.

This is made abundantly clear by the statement of Mr. Justice Smedley, speaking for the Supreme Court in Neeley v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101, 105, which we quote:

"The argument, that the appeal was prosecuted from the judgment and not from the order overruling the motion for new trial and that, therefore, the bond was filed too late, assumes that, when a motion for new trial is filed and overruled, an appeal thereafter taken by filing an appeal bond, describing the order as well as the judgment, is an appeal from the order. The appeal in such case is an appeal from the judgment. The appellants' purpose in so appealing is to avoid the effect of the judgment which has been rendered against him. The filing of the motion for new trial and the order overruling it are steps in the accomplishment of that purpose. The appeal is *after* but not *from* the order overruling the motion."

There is nothing particulary magical or lethal in the phrase, "perfection of appeal." Whether time for filing the transcript be computed from the date of judgment or date of order overruling motion for new trial, it is difficult from a practical standpoint to see how the jurisdiction of this Court is seriously trenched upon. Consideration of motions for new trial by a trial court after appeal proceedings have commenced is no novelty. We held in Cude v. Sanderson, Tex.Civ.App., 235 S.W.2d 927, that the district court, upon a motion timely filed, has the authority to set aside a judgment non obstante veredicto and grant a new trial, although an appeal from the judgment had been perfected. In Bankston v. State, 80 Tex.Cr.R. 629, 192 S.W. 1064, it is stated as a principle of general law that a trial court may entertain a motion for new trail after notice of appeal has been given. See also, Dittman v. Model Baking Co., Tex.Com.App., 271 S.W. 75; Annotation, 139 A.L.R. 345. In Barron v. James, 145 Tex. 283, 198 S.W.2d 256, it was

held that the filing of an appeal bond as a step in perfecting a separate appeal from an order overruling a plea of privilege did not constitute a conclusive election to proceed by separate appeal and prevent a party's raising the point on an appeal from the merits. Rule 385 was there involved, which provides that the filing of the record in addition to the filing of a bond is essential to the perfection of an appeal. However, these cases demonstrate that whichever steps or combinations thereof (notice of appeal, filing of bond and filing of record) are taken as perfecting the appeal, the substance of the matter is that the jurisdiction of this Court is nowise interfered with by permitting the filing of and a hearing upon a motion for new trial. No jurisdictional bastions are assaulted by holding that when an order overruling a motion for new trial contains a notice of appeal, that notice supersedes the notice given in the judgment so that the time for filing the transcript is computed from the date the motion is overruled, and that such rule applies to all classes of appellants alike. We are dealing here with a procedural matter and in this field, when confronted with a choice of possible interpretations of a rule, consideration should be given to the prospective operations under the respective proposed interpretations. An occasional look forward may be of assistance, and it is not required that law be interpreted by rear vision alone. The motion for new trial in cases where it is not a prerequisite for appeal, may perform a valuable service. It often obviates unnecessary appeals. Its use should not be rendered hazardous and fraught with danger. We hold that the rule announced in Jones v. Elliott, Tex.Civ. App., 259 S.W.2d 288, controls the action of this motion. The motion to affirm on certificate is overruled.

W. O. MURRAY, Chief Justice (dissenting).

I do not concur in the opinion of the majority. It is desirable to give a liberal construction to the rules of procedure so as to allow an appeal rather than deny one, but if in order to do so you must ignore well-settled fundamental principles of law you will create far more havoc than you will avert.

No principle is better established than that a cause is not pending in two courts at the same time. Nothing could be more confusing than to be unable to determine in which court your case is pending, and to have two courts exercising jurisdiction of the same case at the same time. The rule in Texas has always been, so far as I am able to determine, that when an appeal is perfected the entire cause is lifted from the trial court and transferred to the appellate court, and thereafter the trial court cannot take any further action which will affect the rights of the parties on appeal, until the appeal has been heard and the mandate of the appellate court returned to the trial court.

A complete statement of the law with reference to this matter is found in Section 335 of Volume 3–A, Tex.Jur., beginning at page 411, with citation of authority for each statement made.

Section 335 reads as follows:

"On Jurisdiction of Appellate Court.—Jurisdiction of the Court of Civil Appeals attaches upon the timely perfection of an appeal or writ of error, that is, upon the giving of the notice of appeal and the filing of the bond or affidavit in lieu thereof, or, if the affidavit is contested, on the overruling of the contest, or, in case of writ of error, on the filing of the petition and bond or affidavit in lieu thereof, or, if the affidavit be contested, on the overruling of the contest; and jurisdiction continues until the case is fully determined by the appellate court and its judgment is completely executed by the court below. Perfection of an appeal transfers the entire controversy to the appellate court, and clothes it with plenary exclusive jurisdiction over the entire controversy, both as to the parties and the subject matter, subject only to the power of the trial court to modify or set aside its judgment before adjournment of the term. That is to

say, it does so unless the judgment determines two or more legally distinct controversies and an appeal is taken from the judgment as to but one of them. Subject to this qualification, a suit is pending in the reviewing court immediately upon perfection of the appeal, though active jurisdiction for the purpose of adjudicating the case does not attach until compliance with the requirements as to filing transcript.

"When application for writ of error from the Supreme Court is filed, the jurisdiction of the Supreme Court immediately attaches and the Court of Civil Appeals is thereafter without authority to make any order in the case."

The City of Corpus Christi perfected an appeal when it gave notice of appeal as set forth in the judgment. The trial court had no jurisdiction to thereafter permit the filing of a motion for a new trial, and had no jurisdiction to give effect to such motion by the overruling of it. 3–A Tex. Jur., § 337, p. 415; Garvin v. Hufft, Tex.Civ.App., 243 S.W.2d 391.

In Golden Rod Oil Co. No. 1 v. Golden West Oil Co. No. 1, Tex.Com.App., 293 S.W. 167, 168, the Court said: "A writ of error has the effect to deprive the trial court of jurisdiction pending appeal. The defendants in error, by perfecting appeal by writ of error, abandoned their motion for new trial in the trial court."

Thus when judgment was rendered herein on November 19, 1953, and appellant gave notice of appeal, thereby perfecting its appeal, the time for filing the record in this Court was then and there fixed by the provisions of Rule 386, T. R. C. P., at sixty days from rendition of judgment. Appellant could not thereafter enlarge its time for filing the record here by going back into the trial court, which had lost jurisdiction of both the parties and the subject matter, and file a motion for a new trial and have that court, which had lost jurisdiction, enter an order overruling such motion. The filing of the motion and the action of the trial court in overruling it were both nullities and

could not have the effect of enlarging the time within which appellant could file the record in this Court.

The appellant having failed to tender the record here within the sixty-day period provided for such filing, and having failed to file a motion requesting an enlargement of time, as is authorized by Rule 386, supra, has now lost its right to file the record here, and appellee's motion for affirmance on certificate should be granted.

Where an appeal is perfected by notice only, as in this case, the party desiring to appeal should be careful not to give such notice until he has made such motions as he desires to make and has them acted on by the trial court. Of course, the rule is to the contrary where the mere giving of notice of appeal does not perfect the appeal and thereby lift the case out of the trial court and into the appellate court.

It has always been recognized that even after an appeal has been perfected the trial judge has control of his records, until the end of the term, or until the time prescribed by Rule 330($l$), and during that time he may modify or set aside a judgment, but this is the limit of his power. Houston Belt & T. Ry. Co. v. Hornberger, Tex.Civ.App., 141 S.W. 311, certified question answered, 106 Tex. 104, 157 S.W. 744.

The cases of Jones v. Elliott, 259 S.W.2d 288, and Barron v. James, 145 Tex. 283, 198 S.W.2d 256, are not in point, as no appeal was perfected in either case by the giving of notice of appeal, and in the Barron case not even by the filing of an appeal bond, as the appeal was attempted under Rule 385, T. R. C. P., which provides, in effect, that the appeal is not perfected unless and until the record is filed in the appellate court within twenty days after rendition of judgment. The case of Cude v. Sanderson, Tex.Civ.App., 235 S.W.2d 927, goes no further than to hold that the trial court has power to set aside his judgment during the time he has control of his records under the provisions of Rule 330($l$).

I respectfully dissent.