Casey CHARNESS, Appellant,

v.

Mrs. Anthony C. CARNEVALE et al., Appellees.

No. 7062.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 12, 1960.

Rehearing Denied Jan. 9, 1961.

Casey Charness, Lubbock, for appellant.

Evans, Pharr, Trout & Jones, Lubbock, for appellees.

NORTHCUTT, Justice.

The question here involved is whether this cause should be affirmed on certificate. The case was heard by the trial court without a jury. On August 31, 1960, judgment was entered in favor of appellees. At the time of entry of the judgment, appellant excepted and gave notice of appeal and on September 3, 1960 filed in said cause his supersedeas bond, without having filed a motion for new trial, and had the same approved and filed on that date by the district clerk. Thereafter, on September 8, 1960, the appellant filed a motion for new trial and then on September 27, 1960, filed his amended motion for new trial. The amended motion was overruled by the court on October 4, 1960. If the time for appellant to perfect his appeal began on September 3, 1960, when he filed his supersedeas bond, then he did not perfect his appeal in time, and the case should be affirmed on certificate. If the time for appellant to perfect his appeal began on October 4, 1960 when his amended motion for new trial was overruled, then he did perfect his appeal in time, and the case should not be affirmed on certificate.

In a case tried to the court without a jury, a motion for new trial is not necessary in order to perfect an appeal. However, a motion for new trial may be had and an appeal may be perfected from the date of overruling the motion for new trial provided the same is done within the time set out in the rules of procedure. It was determined in the case of City of Corpus Christi v. Gregg et al., 155 Tex. 537, 289 S.W.2d 746 by the Supreme Court that a litigant who was required to file an appeal bond would perfect his appeal by filing such bond. This appellant was required, in order to perfect his appeal, to file his appeal bond. We are of the opinion that the filing of the supersedeas bond was to preserve status quo until appeal was completed and the questions determined by the appellate court.

It is stated in 3 T.J.2d page 623 that the filing of a supersedeas bond stays all further proceedings and deprives the lower court of power over the subject matter of the controversy until the cause is remanded for further action. It was held in the case of Garvin v. Hufft et al., Tex.Civ.App., 243 S.W.2d 391 (writ refused N.R.E.) that a supersedeas bond is, in form and effect an appeal bond, and when approved and filed, it effectively stays further proceedings by

the trial court and confers potential jurisdiction on the Court of Civil Appeals. The case further held all subsequent actions of the trial court would be nullities and not subject to consideration on the appeal.

■ When appellant objected to the judgment and gave notice of appeal and had the supersedeas bond approved and filed, the appeal was perfected and we think that is the time from which we must determine whether the record was tendered in this court within the time required by the rules for perfecting the appeal. Since the record was not so tendered in due time, we have no alternative but to affirm the judgment of the trial court. Judgment of the trial court is affirmed on certificate.