**Homer PUCKETT et ux., Appellants,**

**v.**

**W. A. FRIZZELL, Appellee.**

**No. 153.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 21, 1965.

Rehearing Denied Dec. 2, 1965.

See, also, Tex.Civ.App., *377 S.W.2d 715*.

John E. Heitler, Pope & Heitler, Tyler, for appellants.

Ben Goodwin, Tyler, for appellee.

SELLERS, Justice.

This is an appeal from a judgment of the 114th District Court of Smith County. The case was tried to a jury and resulted in a verdict in favor of appellee. Appellee filed a motion for judgment on the verdict of the jury, and the court entered judgment on November 13, 1964, for appellee, to which judgment appellants excepted and gave notice of appeal to this court. Appellants filed motion for new trial on November 20, 1964, which was overruled by order of the court on December 17, 1964, from which order no notice of appeal was given. Cost deposit in cash in lieu of appeal bond was made on January 14, 1965.

The transcript and statement of facts on appeal were presented to the Clerk of this court on March 8, 1965.

The appellee in its brief challenges this court's jurisdiction to pass on the merits of this appeal for the reason that the cost deposit in lieu of appeal bond was not filed within the time required by Rule 356, and the transcript and statement of facts were not filed in this court in the time required by the rules to confer jurisdiction on this court. Rule 386.

We think this contention must be sustained. Rule 363 provides that the appeal is perfected when the notice of appeal is given and bond filed. The only notice of appeal is that contained in the judgment, but the deposit of cash in lieu of appeal bond was not made in time to perfect the appeal. Rule 356. Had notice of appeal been given from the order overruling motion for new trial, the case would have been controlled by the case of City of Corpus Christi v. Gregg, Tex.Civ.App., 267 S.W. 2d 478. Here the court held that the appellant's second notice of appeal controlled and the time to perfect the appeal would run from the second notice of appeal, citing case of Jones v. Elliott, Tex.Civ.App., 259 S.W.2d 288.

Chief Justice Bell of the Houston Court of Civil Appeals, in the case of Victoria Chekanski v. Texas & New Orleans Railroad Company, 306 S.W.2d 935, makes clear the necessity for notice of appeal from an order overruling a motion for new trial by order of the court when he said:

"Appellee has moved to dismiss the appeal because of the want of a timely notice of appeal. We conclude that no timely notice was given, but that under the facts above stated none was necessary. Appellee concedes, and we concur in such concession, that in one well defined instance only will jurisdiction be conferred on this Court by filing of a bond without notice of appeal. This instance is where a motion for new trial is overruled, not by specific ruling of the court, but by operation of law. Houston Life Ins. Co. v. Dabbs, Tex.Com.App., 125 Tex. 100, 81 S.W.2d 42; Combined American Ins. Co. v. Morgan, Tex.Civ.App., 207 S.W.2d 701; McDonald 'Texas Civil Practice', § 18.-31, Vol. 4."

We are cited by appellant to Rule 306c as controlling in this case. This rule has no application to cases where there is no premature filing of notice of appeal. We repeat that the only notice of appeal con-

tained in the record is that in the judgment which must control the proceedings thereafter to confer jurisdiction on this court.

This cause is dismissed for want of jurisdiction.

DUNAGAN, Chief Justice (concurring).

I concur with Justice Sellers in that this case should be dismissed for the lack of jurisdiction of this court because the deposit of cash in lieu of appeal bond, the Transcript and Statement of Facts were not timely filed to perfect the appeal.

Rule 306c is not applicable to this case because the notice of appeal from the judgment was incorporated therein and the appeal bond was filed after both the judgment and order overruling the motion for new trial were entered. The notice of appeal from the judgment cannot be considered as a prematurely filed notice of appeal from the order overruling the motion for new trial because it is not directed to said order. The notice of appeal contained in the judgment in the instant case cannot serve a dual purpose of such notice from both the judgment and order overruling the motion for new trial.

MOORE, Justice (dissenting).

I respectfully dissent. Appellant gave notice of appeal in the judgment dated November 13, 1964. Thereafter, he seasonably and timely filed his motion for new trial which was timely overruled by the court on December 17, 1964. After the court overruled the motion for new trial, appellant did not again give notice of appeal, but apparently relied upon the notice of appeal theretofore given in the judgment. A cash deposit in lieu of an appeal bond was made within 30 days after the order overruling the motion for new trial and the Transcript and Statement of Facts were filed in this court within 50 days thereafter.

If we compute the time from the judgment dated November 13, 1964, the period for filing the bond and record on appeal has expired and this court would not have jurisdiction. On the other hand, if we compute the time based on the date of the order overruling the motion for new trial on December 17, 1964, the period for the filing of the bond and record has not expired and the court would have jurisdiction.

The effect of the holding of the majority is to say that the appellant is compelled to give notice of appeal *from* or *after* the order overruling the motion for new trial, and that a failure to a second notice amounts to an abandonment of the motion for new trial. As a consequence, they hold that the time for the filing of the deposit in lieu of bond must be computed from the date of the judgment rather than the date of the order overruling the motion for new trial, and since the deposit was not made within 30 days after the judgment, the court is therefore without jurisdiction. I am not in accord with this conclusion.

It is generally stated that all doubts should be resolved in favor of an appellant's right to appeal. City of Abilene v. American Surety Co. (Tex.Civ.App.), 73 S.W.2d 616.

Rule 353 of the Texas Rules of Civil Procedure provides as follows:

"(a) An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered."

Rule 363, T.R.C.P. provides that the appeal is perfected when the notice of appeal is given and the bond or affidavit in lieu thereof has been filed.

The jurisdictional question presented poses this question: Under Rule 353, above quoted, if a party gives notice of appeal within ten days after final judgment and thereafter files a motion for new trial, which is overruled, is it necessary to give any further notice of appeal? Judge Funderburk in Fitzgerald v. Lane, (Tex.Civ. App.) 126 S.W.2d 64, reversed on other grounds, 137 Tex. 514, 155 S.W.2d 602, answered the question as follows: " * * * Although there may be some dicta to the contrary, it is our considered opinion that no additional notice of appeal under such circumstances is required. * * * "

It seems to me that a fair interpretation of Rule 353 is that it means literally what it says, namely: That notice of appeal is to be given "within ten days after the judgment *or* (not and) order overruling motion for new trial is rendered." (Emphasis supplied.)

Regardless of the time when the notice of appeal is given, appellant is required to appeal from the judgment. There can be no appeal from the order overruling the motion for new trial. Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101; City of Corpus Christi v. Gregg (Tex.Civ. App.) 267 S.W.2d 478. If, therefore, the appeal is not from the order overruling the motion for new trial there would seem to be no necessity in again giving such notice after the order overruling the motion.

I therefore conclude that the failure to give notice of appeal after the order overruling the motion for new trial does not, as a matter of law, amount to an abandonment of the motion for new trial. Such failure, however, may in some cases be sufficient to show that the appellant has abandoned the assignments of error presented in the motion. City of Abilene v. American Surety Co., supra. But the question of whether or not the appellant has abandoned the assignments of error is not a jurisdictional question, but rather a question of the procedure to be followed after the court has assumed jurisdiction of the cause. Fitzgerald v. Lane, supra.

McDonald in his work on Texas Civil Practice, makes this observation: "The notice may be given both after the judgment and after the order on the motion, but if it is given promptly after judgment, it seems unnecessary to repeat it when the motion for new trial is overruled." McDonald, Texas Civil Practice, paragraph 18.31, page 1508, citing Fitzgerald v. Lane, supra; City of Abilene v. American Surety Co., supra.

If a second notice of appeal is unnecessary, failure to give such notice cannot be construed as an abandonment of the motion. I would therefore hold that the time for the filing of the bond and record on appeal must be computed from the date of the order overruling the motion for new trial and not from the date of the judgment, and would thus hold that the appeal has been properly perfected.

If, however, by some stretch of the imagination, the Rules of Civil Procedure can be construed as requiring another notice of appeal after the order overruling the motion for new trial, the notice of appeal theretofore given in the judgment would then become a premature notice of appeal as provided in Rule 306c, T.R.C.P. The rule specifically provides that no notice of appeal shall be held to be ineffective because prematurely filed. It declares that every such notice of appeal shall be deemed to have been filed on the date of, but subsequent to, the rendition of the judgment appealed from or from the date of the order overruling the motion for new trial, *"if such a motion is filed."* Thus, even though the rules be construed as requiring a notice of appeal after the order overruling the motion for new trial, appellants' notice of appeal theretofore given in the judgment must be deemed to have been filed subsequent to the order overruling the motion. For this additional reason, I would therefore hold that the time for the filing of the bond and record on appeal must be computed from the date of the order overruling motion for new trial rather than the date of the judgment and that the court has jurisdiction of this cause.