**Homer PUCKETT et ux., Petitioners,**

**v.**

**W. A. FRIZZELL, Respondent.**

**No. A–11204.**

Supreme Court of Texas.

April 20, 1966.

Rehearing Denied May 18, 1966.

Pope & Heitler, Tyler, for petitioners.

Ben Goodwin, Tyler, for respondent.

GREENHILL, Justice.

The only question before us is whether the Court of Civil Appeals sitting at Tyler correctly dismissed the appeal in this case. That court, with one judge dissenting, held that the appeal bond had not been filed in time in the trial court and that the record had not been filed in time in the Court of Civil Appeals. 396 S.W.2d 245. We hold that the appeal should not have been dismissed, and the cause will be returned to the Court of Civil Appeals for a consideration of the merits of the case.

The judgment of the trial court contained a notice of appeal. Thereafter a motion for new trial was filed. It was overruled, and no additional notice of appeal was given. The appellant put up a cash bond. The cash bond, the transcript and statement of facts were filed in time if the time for filing began to run from the

date of the overruling of the motion for new trial. They were not filed in time if the time began to run from the date of the judgment which contained the notice of appeal.

There are five of our Rules of Civil Procedure which are involved. As applicable here, they are as follows, with emphasis being added by us:

*Rule 353.*

"(a) An appeal * * * may be taken by notice of appeal (1) in open court, noted on the docket *or embodied in the judgment, order overruling motion for new trial, or other minute of the court,* or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered."

*Rule 356.*

"(a) Whenever a bond for costs on appeal is required, the bond shall be filed with the Clerk within thirty days after rendition of judgment *or order overruling motion for new trial.* If a deposit of cash is made in lieu of bond the same shall be made within the same period."

*Rule 306c.*

"No motion for new trial or appeal bond or affidavit in lieu thereof or notice of appeal shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment the motion assails, *and every such appeal bond* or affidavit *or notice of appeal shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment appealed from or from the date of the overruling of motion for new trial, if such a motion is filed.*"

*Rule 363.*

"The appeal is perfected when the notice of appeal is given and the bond or affidavit in lieu thereof has been filed * * *."

*Rule 386.*

"In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals *within sixty days* from the rendition of the final judgment *or order overruling motion for new trial * * *.*"

Rule 386 continues to provide for extensions of time upon good cause being shown.

The pertinent time table in this case is as follows:

Nov. 13, judgment entered containing notice of appeal.

Nov. 20, motion for new trial filed.

Dec. 17, motion for new trial overruled (no further notice of appeal given).

Jan. 14, cash put up in lieu of appeal bond (within 30 days from overruling of motion for new trial, but not within 30 days of the original judgment).

Feb. 25, the Court of Civil Appeals granted appellant an additional 20 days within which to file the record.

Mar. 8, (within that 20 days) the record was filed in the Court of Civil Appeals.

Oct. 21, the Court of Civil Appeals dismissed the appeal for want of jurisdiction because "the appeal bond and the record were not timely filed." The rules cited were 356 and 386, set out above.

The reasoning of the Court of Civil Appeals was: an appeal is perfected when [and only when] (1) notice of appeal is given, and (2) bond, or cash in lieu of bond, is filed in time. The only notice of appeal was given in the judgment of November 13. The cash in lieu of the bond was filed on January 14, more than 30 days from the giving of the notice of appeal on November 13; so the Court of Civil Appeals held that

the cash in lieu of bond was put up too late; and the appeal was not perfected in time. We disagree. Rule 356 says the bond, or cash in lieu thereof, shall be filed within 30 days of the judgment *or order overruling the motion for new trial.* It was filed within 30 days of the order overruling the motion for new trial.

The Court of Civil Appeals reasoned that if the appellant had given an additional or second notice of appeal after the overruling of his motion for new trial, he would have been saved. The concurring justice was of the view that there must be a notice of appeal after the overruling of the motion for new trial, and that the notice of appeal given in the judgment cannot serve the dual function of (1) a notice of appeal from the judgment and (2) a notice of appeal given when the motion for new trial is overruled.

 We disagree with both of these positions. The rules provide for a notice of appeal, and Rule 353 provides that the notice may be embodied in the judgment. It was so done in this case. There is no requirement of a second notice of appeal upon the overruling of the motion for new trial. 4 McDonald, Texas Civil Practice 1509, § 18.31. The appeal is from the judgment, not from the order overruling the motion for new trial. Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101 (1939). This Court there said:

> "The appeal in such case is an appeal from the judgment. The appellants' purpose in so appealing is to avoid the effect of the judgment which has been rendered against him. The filing of the motion for new trial and the order overruling it are steps in the accomplishment of that purpose. The appeal is *after* but not *from* the order overruling the motion." 124 S.W.2d at 105.

The holding quoted above was followed in City of Corpus Christi v. Gregg, 267 S.W.2d 478 (1954, no writ), by the Court of Civil Appeals sitting at San Antonio. The *Gregg* opinion was cited in the court's opin-

ion and in the dissenting opinion in the case at bar. The holding in that case was that the time for filing the record began to run from the time the motion for new trial was overruled. The particular point before us in this case was not before the San Antonio Court of Civil Appeals, because in that case there was a notice of appeal in the judgment and also a notice of appeal in the order overruling the motion for new trial. The peculiarities in the *Corpus Christi-Gregg* case were (1) under the opinion of the Court of Civil Appeals, the city did not have to file a motion for new trial because the judgment was against it notwithstanding the verdict, and (2) the city, as a public body, did not have to file a bond. It was contended by the appellee, and it was the view of the dissenting justice, that since the city did not have to file a motion for new trial and did not have to file a bond, the appeal was perfected immediately upon the giving of the notice of appeal in the judgment. It was argued that at that moment, the jurisdiction of the case shifted to the Court of Civil Appeals. That being so, the argument continued, the record must have been filed within 60 days from the date of the judgment. The Court of Civil Appeals held otherwise: the city had the right to file the motion for new trial, and the time for filing the record began from the overruling of the motion for new trial. Apparently because of the uniqueness of the procedural problem brought about by the fact that the city was not required to file a bond, the court said that the appeal was not immediately perfected by the first notice of appeal contained in the judgment (so as to divest the trial court of further jurisdiction), but that the second notice of appeal given in the order overruling the motion for new trial superseded the first motion for new trial. As stated, the holding was that the time ran from the order overruling the motion for new trial.

The San Antonio Court of Civil Appeals later wrote an opinion on the merits in City of Corpus Christi v. Gregg, 275 S.W.2d

547 (1955). This Court granted a writ of error, and the question regarding the filing of the record was considered by this Court along with the merits of the case. City of Corpus Christi v. Gregg, 155 Tex. 537, 289 S.W.2d 746 (1956). This Court was of the opinion that the city *did* have to file a motion for new trial in order to complain of matters occurring prior to the trial of the case, such as its ruling on motion for continuance. It recognized that no bond was required of the city. The holding was that the time for filing the record began to run when the motion for new trial was overruled. This Court did not refer to or mention the second notice of appeal given in the order overruling the motion for new trial. Its opinion stated that under the circumstances, the city did perfect its appeal at the time of the rendition of the judgment. But it said that the rules made other provisions for the time for the filing of the record. The opinion, as to this point, concludes that where a motion for new trial is filed,

"* * * the appeal is perfected at the time of the order overruling the motion for new trial, instead of when [the notice of appeal was] first given at the rendition of the judgment. The City of Corpus Christi was required to file a motion for new trial and since it did file such motion the record was timely filed in the Court of Civil Appeals within the sixty days after the order overruling the motion, as is required by Rule 386 above quoted. This being true the motion to affirm on certificate is denied and the judgment of the Court of Civil Appeals on this point is affirmed." 289 S.W.2d at 749.

The distinction referred to in this Court's opinion in the *Corpus Christi-Gregg* case between cases where motions for new trial were required, and cases where such motions were permitted but not required and were filed, was later discussed and rejected in this Court's opinion in Park v. Essa Texas Corp., 158 Tex. 269, 311 S.W.2d 228 (1958). The opinion of the Court of Civil Appeals in that case recites that notice of appeal of the appellant was contained in the judgment of the trial court. 306 S.W.2d 383 at 384. The appellant in that non-jury case was not required to file a motion for new trial, but he did so. He filed the record within 60 days from the overruling of the motion for new trial, but not within 60 days from the judgment. The Court of Civil Appeals held that the record was filed too late. This court reversed. The holdings were: (1) if a motion for new trial is filed, though not required to be filed, the time begins from the overruling of the motion for new trial, and (2) the record was filed in time. Among other things, that opinion stated:

"If a litigant has a right to file a motion for new trial and does so, it would cause considerable confusion if his time for appeal began upon the rendition of judgment rather than upon the overruling of his motion. He would, at the same time, be urging his motion in the trial court and appealing. He would have to request the preparation of the statement of facts and the transcript with its attendant expense without knowing whether they would be necessary or not."

The Court of Civil Appeals in the case at bar also relies upon some language in Chekanski v. Texas & N. O. Ry. Co., 306 S.W.2d 935 (Tex.Civ.App.1957, writ ref. n. r. e.). That opinion clearly points out that *no notice of appeal was given in the judgment.* Moreover, no motion for new trial as such was ever filed there. Appellant filed something which the Court of Civil Appeals said it would treat as a motion for new trial, and concluded that it had been overruled by operation of law. The appellant, by that time had already filed a bond. The holding of the case was, in that particular situation, that no notice of appeal need have been given, and that the motion to dismiss the appeal would be overruled. The case is not in point here.

The appeal is perfected in cases such as this when there is a notice of appeal, motion for new trial which is duly

filed and overruled (as was done in this case), and when the appeal bond, or cash in lieu of the bond, is filed. Rule 356 says the appeal bond or its equivalent shall be filed within 30 days after the judgment *or* the order overruling the motion for new trial. It was so done in this case. The appeal, therefore, was duly perfected.

The Court of Civil Appeals also held, as we understand its opinion, that the record was not filed in time because it was not filed within 60 days from November 13, the day on which the judgment was entered which contained the notice of appeal. Again we disagree. We have heretofore held that the appeal was perfected by the giving of notice of appeal in the judgment, the filing and overruling of the motion for new trial, and the filing of a bond within 30 days from the overruling of the motion for new trial. Then Rule 386 says that the record shall be filed within 60 days from the rendition of the final judgment *or the order overruling the motion for new trial.* Including the extension of time granted by the Court of Civil Appeals, the record was filed in time.

The contention that the notice of appeal given in the judgment cannot be used when a motion for new trial is filed really amounts to an assertion that the notice was prematurely given; i. e., the moving party has not been hurt so long as the trial court might grant the motion for new trial. So the movant should wait until the trial court has completely finished before giving notice of appeal. Or, stated differently, the argument would be that the movant does not know completely what to complain of until the motion is overruled. The answer to this is found in Rule 306c. As applicable here and omitting unnecessary words, the rule says, "No notice of appeal shall be held ineffective because prematurely filed; but every such notice of appeal shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment appealed from *or from the*

*date of the overruling of the motion for new trial, if such motion is filed."*

A motion for new trial was filed in this case. Under Rule 306c, the giving of the notice in the judgment was not premature; and that rule says that the notice shall be deemed to have been given after the overruling of a motion for new trial. Under this construction, the time for filing of the bond, or cash in lieu of the bond, and for the filing of the record would clearly run from the date of the overruling of the motion for new trial.

We therefore conclude that the Court of Civil Appeals erred in dismissing the appeal. The judgment of that court is reversed, and the cause is remanded to the Court of Civil Appeals for its consideration of the appeal upon its merits.