**Opinion filed March 1, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00271-CV

_____

### DONNIE SECHREST AND DONNIE SECHREST CONSTRUCTION, INC., Appellants

### V.

### PRYOR BLACKWELL, Appellee

**On Appeal from the 259th District Court**

**Shackelford County, Texas**

**Trial Court Cause No. 2010-029**

### MEMORANDUM OPINION

Donnie Sechrest and Donnie Sechrest Construction, Inc. appeal from a final summary judgment rendered in favor of the plaintiff, Pryor Blackwell. Upon reviewing the clerk's record in this case, this court wrote the parties and informed them that the notice of appeal appeared to be untimely. We requested that appellants respond and show grounds to continue the appeal. Appellants filed a response urging that their notice of appeal was timely pursuant to TEX. R. CIV. P. 306a and TEX. R. APP. P. 4.2. Because these rules are not applicable in this case, we dismiss the appeal for want of jurisdiction pursuant to TEX. R. APP. P. 42.3(a).

The record shows that the trial court entered a final summary judgment on March 21, 2011. Appellants timely filed a motion for new trial on April 6, 2011. The trial court entered a written order denying the motion for new trial on May 26, 2011. On June 3, 2011, appellants filed an untimely amended motion for new trial and, alternatively, a motion to reconsider their motion for new trial. *See* TEX. R. CIV. P. 329b(a), (b). In a letter order dated July 1, 2011, the trial court granted a new trial. Then, on September 15, 2011, the trial court entered two orders that operated to vacate the July 1 order: one order granting Blackwell's motion to reconsider and another order denying various motions filed by appellants, including the amended motion for new trial.

A trial court has plenary power to grant a new trial "until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." TEX. R. CIV. P. 329b(e). Pursuant to Rule 329b(e), the trial court in this case lost plenary power thirty days after the May 26 written order denying the motion for new trial, which we calculate to be Monday, June 27, 2011. Therefore, the trial court had lost plenary power prior to entering the July 1 letter order granting a new trial and the subsequent orders of September 15, and these orders are void. TEX. R. CIV. P. 329b(f); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008). Because these orders are void, they do not extend the time for filing a notice of appeal. Accordingly, appellants' notice of appeal, which was filed on October 5, 2011, is untimely as it was due to be filed on or before June 20, 2011, ninety days after the final summary judgment was signed. *See* TEX. R. APP. P. 26.1(a). Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Appellants urge that Rule 306a and Rule 4.2 extend the timelines in this case because appellants did not receive notice of the trial court's May 26 written order denying their motion for new trial. Their argument is that, because they did not receive notice of the written order, the thirty-day plenary-power period did not begin to run on May 26. If a written order had not been entered, the motion for new trial would have been overruled by operation of law on Monday, June 6, 2011; the trial court would have had plenary power for thirty days thereafter; and it would have been within the trial court's plenary power to grant a new trial on July 1 and to

2

vacate that decision on September 15, which would make the date of final judgment September 15 and the notice of appeal timely. *See In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 230–31 (Tex. 2008).

Rule 306a provides in part as follows:

> **1. Beginning of periods.** The date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial . . . and for filing in the trial court the various documents that these rules authorize a party to file within such periods . . . .
>
> . . . .
>
> **3. Notice of judgment.** When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record . . . .
>
> **4. No notice of judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

Rule 4.2(a)(1) similarly provides additional time to file documents when "a party affected by a judgment or other appealable order" has not received the notice required by Rule 306a.

Appellants' reliance on these rules is misplaced. The provisions of Rule 306a and Rule 4.2 specifically apply to final judgments and appealable orders. The May 26 written order denies a motion for new trial and is, therefore, not a final judgment or an appealable order. One of our sister courts has likewise rejected the contention that the lack of notice of an order overruling a motion for new trial extends a trial court's plenary power. *McClelland v. Partida*, 818 S.W.2d 453 (Tex. App.—Corpus Christi 1991, writ dism'd w.o.j.). The *McClelland* court stated:

> However, Parras [a plaintiff whose claims had been dismissed by an order of dismissal] apparently convinced the respondent trial court that its failure to provide him with timely notice of the overruling of his motion for new trial extended the trial court's plenary power under the provisions of Tex.R.Civ.P. 306a, which provides for an extension of the trial court's plenary power over the judgment in certain cases, as follows:
>
> [Rule 306a(4) was quoted here]

> The present order overruling the motion for new trial, however, is not a *judgment or other appealable order*. *See Puckett v. Frizzell*, 402 S.W.2d 148, 151 (Tex. 1966). Thus, regardless of the fact that Parras may not have had notice of the overruling of his motion, the trial court's period of plenary power remained the same, unaffected by Rule 306a(4). We thus hold that the trial court's attempt to grant a new trial and any further assertions of jurisdiction over the present case are null and void.

818 S.W.2d at 455–56 (footnote omitted).

Appellants have also asked that we suspend the operation of the rules for good cause under TEX. R. APP. P. 2 and, alternatively, that we abate the appeal so that the trial court may enter a finding under Rule 306a. As discussed above, a finding under Rule 306a that appellants did not receive notice of the May 26 order would not benefit appellants. Therefore, abatement is unnecessary. Furthermore, Rule 2, which allows for suspension of the rules, specifically provides that "a court must not construe this rule . . . to alter the time for perfecting an appeal in a civil case." We also note that TEX. R. CIV. P. 5 prohibits a court from "enlarg[ing] the period for taking any action under the rules relating to new trials except as stated in these rules."

Appellants' Motion to Suspend Operation of Rules and for Different Procedure and Alternative Motion to Abate is overruled, and the appeal is dismissed for want of jurisdiction.

PER CURIAM

March 1, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4