Blanche Taylor LAMKIN, Appellant,

v.

Taylor Leighton LAMKIN, Appellee.

No. 13479.

Court of Civil Appeals of Texas.

San Antonio.

May 20, 1959.

R. L. Miller, Gonzales, for appellant.

E. W. Patteson, Horace Duncan, Gonzales, for appellee.

POPE, Justice.

The point in this case concerns the right of a plaintiff to take a nonsuit. John L. Lamkin died, and on February 6, 1956, his will was admitted to probate by the County Court of Gonzales County. The will devised all his property to his surviving widow. Taylor Leighton Lamkin, a son by a former marriage, on July 22, 1957, filed a suit to set aside the will on the grounds that the testator was suffering from an insane delusion when he made his will. The County Court entered judgment that plaintiff, Taylor Leighton Lamkin, take nothing. He appealed to the District Court of Gonzales County and the defendant widow answered by a general denial without seeking any affirmative relief. The case went to trial before a jury. At the conclusion of the plaintiff's evidence, defendant moved for an instructed verdict and it was overruled. At the conclusion of defendant's evidence, the motion was renewed. While the court was considering the motion, but before it ruled, plaintiff moved the court to enter a nonsuit and it was granted. De-

fendant widow appealed and asserts that the court should have granted her motion for instructed verdict and denied the motion for nonsuit.

The briefs join issue on the sufficiency of the evidence to raise an issue of fact. While plaintiff's evidence of the testator's claimed insane delusions is meager, that is not the true issue. A plaintiff has the right to take a nonsuit prior to the time the court renders a decision. Rule 164, Texas Rules of Civil Procedure; Smith v. Columbian Carbon Co., 145 Tex. 478, 198 S.W.2d 727; 4 McDonald, Texas Civil Practice, § 1716.

The judgment granting the plaintiff's nonsuit is affirmed, and the mandate of this Court, when returned to the District Court, should be certified by the Clerk of that Court to the County Court. Rule 335, T.R.C.P.; Brewer v. Brewer, Tex.Civ. App., 237 S.W.2d 369.