Randy McCLELLAND, et al., Relators,

v.

Honorable Juan R. PARTIDA, Judge of the 275th District Court of Hidalgo County, Texas, Respondent.

No. 13–91–438–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 12, 1991.

Rehearing Overruled Oct. 17, 1991.

Neil Norquest, McAllen, Ferriel C. Hamby, Jr., Roger W. Hughes, Adams & Graham, Gordon L. Briscoe, Harlingen, Marjory C. Batsell, Norton A. Colvin, Jr., Rodriguez, Colvin & Chaney, Brownsville, Richard L. Bischoff, Dallas, for relators.

Joseph A. Connors, III, McAllen, for real party in interest.

Before NYE, C.J., and SEERDEN and BISSETT, JJ.

## OPINION

SEERDEN, Justice.

Relators petition this Court for a writ of prohibition, or in the alternative for a writ of mandamus, directing the respondent, the Honorable Juan R. Partida, trial judge of the 275th District Court of Hidalgo County, Texas, not to proceed further in a case ostensibly remaining on his docket, between relators and Luis Parras, the real party in interest.

Parras, an employee of relator Texas Commerce Bank–McAllen, N.A., originally brought suit against relators asserting numerous causes of action arising from an earlier incident in which Parras was accused of wrongful actions associated with his repossession of certain items of property on behalf of his employer. Two of the relators/defendants then filed cross-actions for indemnity against other relators/defendants insurance companies. On April 29, 1991, however, the trial court dismissed Parras' case on the grounds that he grossly abused discovery and that as a result of

deemed admissions he was without a cause of action against relators.[1]

On May 29, thirty days after the order of dismissal, Parras timely filed a motion for new trial. On June 28, sixty days after the order of dismissal, the trial court denied the motion by written and signed order. Thirty-three days later on July 31, however, the trial court entered an order purporting to grant a new trial.

We are not here called upon to examine the merits of the order dismissing Parras' case, but whether the trial court acted outside its plenary power in later attempting to vacate the dismissal and grant a new trial. If entered after the trial court lost jurisdiction over the present case, the order is null and void. *See Eubanks v. Hand,* 578 S.W.2d 515, 517 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.)

■ We must first determine whether the April 29 order was a final judgment, which would begin the running of the time period over which the trial court retained plenary power to grant a new trial under Texas Rule of Civil Procedure 329b. The order states that Parras' entire case is dismissed with prejudice, but does not specifically dispose of the cross-claims by relators Randal B. McClelland and Texas Commerce Bank–McAllen, N.A., for indemnity. Ordinarily it will not be presumed that a judgment dismissing a plaintiff's suit also disposed of the issues in an independent cross-action. *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 897 (Tex.1966); *Walker v. Sharpe,* 807 S.W.2d 442, 446 (Tex.App.—Corpus Christi 1991, no writ).

■ However, the cross-claims in the present case are specifically contingent upon Parras' recovery in the main case. The relators/cross-plaintiffs prayed only "that in the event that [Parras] recovers judgment against [them], that [they] recover over against [cross-defendants], jointly and severally, for the full amount thereof, along with attorney's fees, costs, interest and general relief." Therefore, the order dismissing Parras' claims effectively disposed of these cross-claims by implication, and constitutes a final judgment. *Walker,* 807 S.W.2d at 446; *Fenley v. Ogletree,* 277 S.W.2d 135, 149 (Tex.Civ.App.—Beaumont 1955, writ ref'd n.r.e.).

■ Rule 329b(e) provides that "[i]f a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." Under Rule 329b(c) motions for new trial are overruled by operation of law seventy-five days after the judgment was signed, unless determined sooner by written order.

According to the present record, the only motion for new trial filed in the case was overruled by written and signed order on June 28. It would thus appear that the trial court's plenary power extended only to Monday, July 29,[2] and that the trial court's attempt to grant a new trial on July 31 was a nullity.

However, Parras apparently convinced the respondent trial court that its failure to provide him with timely notice of the overruling of his motion for new trial extended the trial court's plenary power under the provisions of Tex.R.Civ.P. 306a, which provides for an extension of the trial court's plenary power over the judgment in certain cases, as follows:

4. No Notice of Judgment. If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired

---

1. An appeal from that order of dismissal is presently pending in this Court as cause No. 13–91–432–CV.

2. The thirtieth day after the overruling of the motion, July 28, fell on a Sunday, which would extend the time limit to the end of the next day. *See Keeper v. First Care, Inc.,* 794 S.W.2d 879, 881 (Tex.App.—Tyler 1990, no writ); Tex. R.Civ.P. 4.

actual knowledge of the order, then with respect to that party all the periods [for the court's plenary power to grant a new trial] shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed. The present order overruling the motion for new trial, however, is not a *judgment or other appealable order.* *See Puckett v. Frizzell,* 402 S.W.2d 148, 151 (Tex.1966). Thus, regardless of the fact that Parras may not have had notice of the overruling of his motion, the trial court's period of plenary power remained the same, unaffected by Rule 306a(4).[3] We thus hold that the trial court's attempt to grant a new trial and any further assertions of jurisdiction over the present case are null and void.

We now address the relief to which relators are entitled. Relators seek to invoke our jurisdiction under the provisions of Tex.Gov't Code Ann. § 22.221 (Vernon 1988), both to issue a writ of prohibition directing the trial court to proceed no further in this case, and, alternatively, to issue a writ of mandamus ordering the trial court to vacate its order of July 31 purporting to set aside the dismissal and grant new trial.

■ The writ of prohibition as used in Texas has three functions: preventing interference with higher courts in deciding a pending appeal, preventing inferior courts from entertaining suits which will relitigate controversies which have already been settled by issuing courts, and prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Gano v. Villarreal,* 745 S.W.2d 586 (Tex. App.—Corpus Christi 1988, original proceeding); *Humble Exploration Co. v. Walker,* 641 S.W.2d 941 (Tex.App.—Dallas 1982, original proceeding). One of the purposes for which a writ of prohibition may

be used is to prevent a court from exercising jurisdiction which it has no lawful right to exercise. *Gano; Soto–Ruphuy v. Yates,* 687 S.W.2d 19 (Tex.App.—San Antonio 1984, original proceeding).

■ In addition, a writ of mandamus is an appropriate remedy to nullify an order already entered without legal authority. *Eckels v. Gist,* 743 S.W.2d 330 (Tex.App.—Houston [1st Dist.] 1987, original proceeding); *State ex rel. Wade v. Stephens,* 724 S.W.2d 141 (Tex.App.—Dallas 1987, original proceeding). Thus, mandamus may issue when a court acts beyond its power and jurisdiction and when by so acting it vacates or changes a final adjudication. *Standley v. Stewart,* 539 S.W.2d 882 (Tex. 1976).

■ In the present case, we believe that either or both remedies are appropriate. A writ of mandamus should issue to nullify the trial court's order purportedly vacating the dismissal at a time after the trial court's plenary power over the case expired. In addition, it would be appropriate to grant a writ of prohibition to prevent the trial court from proceeding with a new trial of the case after it has already lost jurisdiction and an appeal from the order of dismissal is pending before this Court.

Therefore, we conditionally grant both writs, which will issue only if the trial court declines or refuses to vacate its earlier order of July 31 and refrain from proceeding any further beyond its jurisdiction.

---

**3.** We note that the appellate timetable is not affected by the order overruling the motion for new trial; perfection of the appeal is required within ninety days after the judgment regardless of when the motion for new trial is overruled.

Tex.R.App.P. 41. Thus, Parras' ability to appeal the judgment cannot be prejudiced by the trial court's failure to notify him of the overruling of the motion.