**TEXAS CAPITAL BANK–WESTWOOD, and Lawrence G. Fraser, Trustee, et al., Relators,**

v.

**The Honorable Carolyn Marks JOHNSON, 189th Judicial District Court of Harris County, Texas, Respondents.**

No. 06–93–00095–CV.

Court of Appeals of Texas, Texarkana.

Oct. 26, 1993.

John R. Mercy, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Robert A. Plessala, Keck, Mahin & Cate, Houston, for relators.

Albert R. Lohse, McDade & Fogler, Iris Hefter Robinson, Hirsch, Robinson, Sheiness & Glover, Houston, for real parties in interest.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

On October 5, 1993, Texas Capital Bank–Westwood, and Lawrence G. Fraser, Trustee, (relators) filed a motion in this Court for leave to file a petition for writ of prohibition. They also asked for temporary relief, requesting that this Court stay further proceedings in cause number 87–53544 in the 189th Judicial District Court of Harris County, Texas. Relators are presently before this Court as the appellees in an appeal brought by George Pilgreen from judgment rendered in that case. Pilgreen was the plaintiff below, is the appellant in the appeal, and is the real party in interest in this proceeding.

In the underlying action, Pilgreen had sued the relators herein to recover damages for alleged wrongdoing in connection with the sale of real estate. His suit was dismissed pursuant to an order in abatement and made final by a nonsuit on April 29, 1993. Pilgreen's appeal from this judgment is pending with this Court. During this appeal, on October 4, 1993, the trial court held a hearing on Pilgreen's motion to reconsider its previous ruling on his motion for rehearing. The trial court did not then rule, but set another hearing on the subject for October 7. Relators filed this petition for a writ of prohibition asking this Court to prohibit the trial court from conducting any such proceeding.

■ This Court may grant a writ of prohibition to protect our jurisdiction over the subject matter of a pending appeal. The writ of prohibition has three functions: preventing interference with higher courts in deciding a pending appeal, preventing inferior courts from entertaining suits which will relitigate controversies which have already been settled by issuing courts, and prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. TEX.GOV'T.CODE ANN. § 22.221 (Vernon 1988 & Supp.1993); *McClelland v. Partida,* 818 S.W.2d 453 (Tex.App.–Corpus Christi 1991, orig proceeding); *Gano v. Villarreal,* 745 S.W.2d 586 (Tex.App.–Corpus Christi 1988, orig. proceeding); *Humble Exploration Co. v. Walker,* 641 S.W.2d 941 (Tex.App.–Dallas 1982, orig. proceeding). The writ is designed to operate like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680 (Tex.1989).

## JURISDICTION

■ Because counterclaims raised by the defendant were not addressed by the judgment, we must first determine if the judgment is final. The defendants nonsuited the counterclaims two days after the judg-

ment was signed, which they contend provide the necessary finality. If the counterclaims remain alive, then the judgment is not final, because it does not dispose of all parties and issues. The question is whether the nonsuit was effective. Rule 162 of the Rules of Civil Procedure states that a plaintiff may not take a nonsuit after the plaintiff has introduced all of his evidence. *Greenberg v. Brookshire*, 640 S.W.2d 870 (Tex.1982). A plaintiff has an absolute right to take nonsuit before presentment of all plaintiff's evidence. *Benavides v. Garcia*, 687 S.W.2d 397 (Tex.App.–San Antonio 1985, no writ).[1]

In the present case, the defendants took a nonsuit on a counterclaim in a situation where judgment on the original action was not based upon evidence but upon inadequacy of pleading. In this context, the defendants' counterclaims place it in the position of plaintiffs for the purpose of Rule 162. Because they had never presented their affirmative case, either to a jury or a trial court for decision, they could properly nonsuit their counterclaims. Accordingly, the judgment became final upon the notice of nonsuit on April 29, 1993.

## PERFECTION OF THE APPEAL

■ The underlying action is an appeal from a dismissal pursuant to an abatement. The order of abatement was signed on March 25. A motion for rehearing of the order of abatement was filed by Pilgreen on April 8. The order of dismissal pursuant to the order of abatement was signed on April 27, and was made final by the subsequent nonsuit on April 29. If the motion for rehearing constitutes a prematurely filed motion for new

trial, all appellate time periods were extended, and the bond was timely filed. If so, the appeal was perfected, and jurisdiction lies in this Court.[2]

We have reviewed the motion for rehearing in detail. The trial court granted the order of dismissal based solely upon the abatement and so stated in the order. Therefore, the motion for rehearing assails the specific ground upon which the judgment was rendered. We hold that the "Motion for Rehearing of the Order in Abatement" constitutes a prematurely filed motion for new trial. Prematurely filed motions for new trial are deemed filed on the day of, and subsequent to, the signing of the judgment. TEX. R.CIV.P. 306c.

The next question is whether the appeal was timely perfected. The judgment became final on April 29, and the time for filing an appeal bond was thereby extended to July 28, 1993. The appeal bond was actually filed on July 26, 1993, and was timely to perfect the appeal.

## PLENARY POWER

■ Finally, we must determine whether the trial court retains plenary power over the cause. Rule 329b(e) of the Rules of Civil Procedure states that when a timely motion for new trial has been filed,

> the trial court, *regardless of whether an appeal has been perfected*, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written

1. A plaintiff may not take a nonsuit after the rendition of judgment. *Verret v. Verret*, 570 S.W.2d 138 (Tex.Civ.App.–Houston [1st Dist.] 1978, no writ); *Lamkin v. Lamkin*, 324 S.W.2d 560 (Tex.Civ.App.–San Antonio 1959, no writ), citing *Smith v. Columbian Carbon Co.*, 145 Tex. 478, 198 S.W.2d 727 (1947).

   In the context of a summary judgment, a plaintiff may take nonsuit at any time prior to time that the court renders judgment. *Taliaferro v. Smith*, 804 S.W.2d 548 (Tex.App.–Houston [14th Dist.] 1991, no writ).

2. The following is a timetable of the relevant dates:

| | |
|---|---|
| Order of Abatement | March 25, 1993 |
| Motion for Rehearing on Plea in Abatement | April 8, 1993 |
| Order of Dismissal Pursuant to Order granting plea in abatement | April 27, 1993 |
| Notice of Non-suit | April 29, 1993 |
| (The defendants notice of nonsuit related to cross-claims that they had filed in the case. It appears that the judgment actually became final on that date.) | |
| Motion for New Trial (Untimely) | June 4, 1993 |
| BOND FILED | July 26, 1993 |
| Record Filed | Aug. 25, 1993 |

and signed order or by operation of law, whichever occurs first.

(Emphasis added.) The judgment became final on April 29, 1993, and was not thereafter modified. The motion for rehearing was overruled by operation of law seventy-five days later, on July 13, 1993. The trial court retained plenary power over the cause for thirty days from the seventy-fifth day, expiring on August 12, 1993. The trial court no longer has plenary power over this cause.

## WRIT OF PROHIBITION

Having determined that this Court has exclusive jurisdiction over this appeal, we may now turn to the merits of relators' motion for a writ of prohibition. Under TEX. CONST. art. V, § 6 and TEX.GOV'T.CODE ANN. § 22.221, this Court has jurisdiction to issue writs of prohibition to protect its jurisdiction, which includes preventing interference with a pending appeal. *McClelland v. Partida,* 818 S.W.2d 453. The cause at issue is presently in this Court. The record before us shows that this Court has acquired exclusive jurisdiction over the cause. We find that the setting of a hearing by the trial court to reconsider its previous ruling is a proscribed intrusion upon the jurisdiction of this Court. We therefore grant the petition for prohibition, but the actual writ will be issued only if the trial court proceeds in violation of this Court's jurisdiction as set forth in this opinion.