In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00004-CR


______________________________




TITUS EARL WEBSTER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 2001-F-00170




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Titus Earl Webster appeals his conviction for delivery of cocaine in an amount less than one
gram. Webster pled guilty, as part of a plea agreement, and the trial court sentenced him to eighteen
months' confinement in a state jail facility in accordance with the agreement. The trial court also
ordered that other pending drug charges be considered in Webster's sentence and dismissed. See
Tex. Pen. Code Ann. § 12.45(a) (Vernon 1994).

 In related proceedings held on the same day, Webster pled guilty to another delivery of
cocaine offense, and the trial court revoked Webster's community supervision imposed for a previous 
cocaine possession conviction. The trial court sentenced Webster to ten years' confinement for the
cocaine possession conviction and eighteen months' confinement for the cocaine delivery conviction. 
The trial court also ordered all sentences to run concurrently. Webster has filed appeals from the
judgments in the latter proceedings. We consider those appeals in separate opinions.

 Webster's attorney has filed an appellate brief in which he concludes that, after a review of
the record and the related law, the appeal is frivolous and without merit. He has evaluated the record
and has found no error that arguably supports an appeal. The brief thus meets the requirements of
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Stafford v. State, 813
S.W.2d 503 (Tex. Crim. App. 1991). Webster did not file a response pro se.

 In his Anders brief, Webster's counsel on appeal observes this Court is without jurisdiction
to consider errors related to Webster's conviction because Webster pled guilty as part of a plea
agreement, which was followed by the trial court, and he filed a general notice of appeal. If an
appeal is from a judgment rendered on the defendant's plea of guilty under Tex. Code Crim. Proc.
Ann. art. 1.15 (Vernon Supp. 2002) and the punishment assessed did not exceed that recommended
by the prosecutor and agreed to by the defendant, the appellant's notice of appeal must specify that: 
(1) the appeal is for a jurisdictional defect, (2) the substance of the appeal was raised by written
motion and ruled on before trial, or (3) the trial court granted permission to appeal. Tex. R. App. P.
25.2(b)(3). A notice of appeal that does not conform to Rule 25.2(b)(3) deprives this Court of
jurisdiction over the appeal. Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002). Because
Webster did not file a notice of appeal conforming to the requirements of Rule 25.2(b)(3), we are
without jurisdiction to consider errors related to his conviction.

 The Texas Court of Criminal Appeals has recently held, however, that Rule 25.2(b)(3) does
not apply to appeals of issues unrelated to the conviction. Vidaurri v. State, 49 S.W.3d 880, 884
(Tex. Crim. App. 2001). For instance, in Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App.
2001), the Texas Court of Criminal Appeals held the failure of appellant's notice of appeal to comply
with Rule 25.2(b)(3) did not bar the court of appeals from considering the issue of ineffective
assistance of counsel at the punishment phase.

 We are required, in a case in which an Anders brief is filed, to conduct our own independent
review of the record, looking exclusively for errors unrelated to the conviction. Wilson v. State, 40
S.W.3d 192, 197 (Tex. App.-Texarkana 2001, order). We have conducted that review and have
found no such error. 

 The judgment is affirmed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 11, 2002

Date Decided: July 12, 2002


Do Not Publish



 UnhideWhenUsed="false" Name="Medium Shading 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00136-CV

                                                ______________________________

 

 

 

                                        IN RE:  RICKY L. GILMORE

 

 

 

                                                                                                  


 

 

                                                     Original
Mandamus Proceeding

 

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Ricky
L. Gilmore has filed a petition for writ of mandamus in which he asks this
Court to order the Honorable Pam Fletcher of the 349th Judicial District Court
of Houston County, Texas, to provide him with the due process required by law
in connection with its order withdrawing money from his prison trust
account.  His appeal from his criminal
conviction was transferred to this Court from the Twelfth Court of Appeals by
the Texas Supreme Court as part of its docket equalization activities.  This separate, civil mandamus was presented
for filing directly to this Court by Gilmore. 


            This Court has jurisdiction to
issue a writ of mandamus against a judge of a district or county court in the
court of appeals district.  Tex. Govt Code Ann. § 22.221(b)
(Vernon 2004).  Houston County is not
within the territorial jurisdiction of this Court.  Tex.
Govt Code Ann. § 22.201(g) (Vernon Supp. 2010).  Further, the order is not ancillary to, and
does not otherwise affect Gilmores criminal appeal.  See
generally In re Richardson, 252 S.W.3d 822, 830 (Tex. App.Texarkana 2008,
orig. proceeding); Tex. Capital BankWestwood
v. Johnson, 864 S.W.2d 186 (Tex. App.Texarkana 1993, orig. proceeding).  

            We
deny the petition for want of jurisdiction.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January 3, 2011

Date Decided:             January 4, 2011