

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00101-CV

_____

IN RE:  COY LYNN OWENS

Original Prohibition Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Coy Lynn Owens has been before this Court several times, and now has filed a petition asking this Court to issue a writ of prohibition against 62nd Judicial District Judge Scott McDowell that would prevent him from proceeding to hear Owens's bill of review while acting as the judge of the County Court at Law of Hopkins County.

Owens argues that Judge McDowell has no jurisdiction to act over his pleading and that we should thus issue a writ of prohibition to prevent him from proceeding with the hearing on Owens's bill of review.

A writ of prohibition is a creature of limited purpose. It may issue to prevent interference with higher courts in deciding a pending appeal, prevent inferior courts from entertaining suits which will relitigate controversies which have already been settled by the issuing court, and prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Tex. Capital Bank-Westwood v. Johnson*, 864 S.W.2d 186 (Tex. App.—Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453 (Tex. App.—Corpus Christi 1991, orig. proceeding).

Owens seeks to invoke the application of this remedy which provides that a writ of prohibition is proper to prevent a trial court from acting when the court lacks jurisdiction. *See Bd. of Disciplinary Appeals v. McFall*, 888 S.W.2d 471, 472 (Tex. 1994) (orig. proceeding). To accomplish this purpose, Owens asks this Court to restrain Judge McDowell from hearing his bill

2

of review in the County Court at Law and to further declare void his order setting the case for hearing.

We first recognize that the statutory authority for creation of the County Court at Law in Hopkins County explicitly states that the court has jurisdiction concurrent with that provided for the district court, but limited to civil cases in which the amount in controversy is below $100,000.00. *See* TEX. GOV'T CODE ANN. §§ 25.1141–.1142 (Vernon 2004).

The docket sheet for this case which was provided by Owens as an attachment to his petition states that the County Court at Law transferred the case to the District Court because the relief sought exceeded the jurisdictional limits of the County Court at Law.

Section 74.121(b)(1) of the Texas Government Code provides that

> The judge of a statutory county court may transfer a case to the docket of the district court, except that a case may not be transferred without the consent of the judge of the court to which it is being transferred and may not be transferred unless it is within the jurisdiction of the court to which it is transferred.

TEX. GOV'T CODE ANN. § 74.121(b)(1) (Vernon 2005).

The information provided thus shows that the case was transferred to the District Court, and the order setting the date for hearing was signed by the district judge. The fact that on the documents provided to this Court by Owens, the original docket number and court description still appear does not conclusively show this Court that Judge McDowell is without jurisdiction to hear this case. [1]

---

[1]We also note that the writ issues only to prevent the threatened commission of a future act. *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 435 (Tex. Crim. App. 1987), which would prevent the application of the remedy to the hearing already set by the court in any event.

3

We deny the petition.


Bailey C. Moseley
Justice

Date Submitted:     September 23, 2008
Date Decided:       September 24, 2008

4