Opinion filed March 1,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00271-CV

                                                    __________

 

                               DONNIE
SECHREST AND DONNIE 

                          
SECHREST CONSTRUCTION, INC., Appellants

 

                                                             V.

 

                                  PRYOR
BLACKWELL, Appellee



 

                                   On
Appeal from the 259th District Court

 

                                                       Shackelford
County, Texas

 

                                                   Trial
Court Cause No. 2010-029

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Donnie
Sechrest and Donnie Sechrest Construction, Inc. appeal from a final summary
judgment rendered in favor of the plaintiff, Pryor Blackwell.  Upon reviewing
the clerk’s record in this case, this court wrote the parties and informed them
that the notice of appeal appeared to be untimely.  We requested that
appellants respond and show grounds to continue the appeal.  Appellants filed a
response urging that their notice of appeal was timely pursuant to Tex. R. Civ. P. 306a and Tex. R. App. P. 4.2.  Because these
rules are not applicable in this case, we dismiss the appeal for want of
jurisdiction pursuant to Tex. R. App. P.
42.3(a). 

The
record shows that the trial court entered a final summary judgment on March 21,
2011.  Appellants timely filed a motion for new trial on April 6, 2011.  The
trial court entered a written order denying the motion for new trial on May 26,
2011.  On June 3, 2011, appellants filed an untimely amended motion for new
trial and, alternatively, a motion to reconsider their motion for new trial.  See
Tex. R. Civ. P. 329b(a), (b).  In
a letter order dated July 1, 2011, the trial court granted a new trial.  Then,
on September 15, 2011, the trial court entered two orders that operated to
vacate the July 1 order: one order granting Blackwell’s motion to reconsider
and another order denying various motions filed by appellants, including the
amended motion for new trial.

A
trial court has plenary power to grant a new trial “until thirty days after all
such timely-filed motions are overruled, either by a written and signed order
or by operation of law, whichever occurs first.”  Tex. R. Civ. P. 329b(e).  Pursuant to Rule 329b(e), the trial
court in this case lost plenary power thirty days after the May 26 written order
denying the motion for new trial, which we calculate to be Monday, June 27,
2011.  Therefore, the trial court had lost plenary power prior to entering the
July 1 letter order granting a new trial and the subsequent orders of September
15, and these orders are void.  Tex. R.
Civ. P. 329b(f); In re Brookshire Grocery Co., 250 S.W.3d 66, 72
(Tex. 2008).  Because these orders are void, they do not extend the time for
filing a notice of appeal.  Accordingly, appellants’ notice of appeal, which
was filed on October 5, 2011, is untimely as it was due to be filed on or
before June 20, 2011, ninety days after the final summary judgment was signed.  See
Tex. R. App. P. 26.1(a).  Absent
a timely notice of appeal, this court is without jurisdiction to consider this
appeal.  See Wilkins v. Methodist Health Care Sys., 160 S.W.3d 559, 563
(Tex. 2005); Garza v. Hibernia Nat’l Bank, 227 S.W.3d 233 (Tex.
App.—Houston [1st Dist.] 2007, no pet.); see also Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997). 

Appellants
urge that Rule 306a and Rule 4.2 extend the timelines in this case because appellants
did not receive notice of the trial court’s May 26 written order denying their
motion for new trial.  Their argument is that, because they did not receive
notice of the written order, the thirty-day plenary-power period did not begin
to run on May 26.  If a written order had not been entered, the motion for new
trial would have been overruled by operation of law on Monday, June 6, 2011;
the trial court would have had plenary power for thirty days thereafter; and it
would have been within the trial court’s plenary power to grant a new trial on
July 1 and to vacate that decision on September 15, which would make the date
of final judgment September 15 and the notice of appeal timely.  See In
re Baylor Med. Ctr. at Garland, 280 S.W.3d 227, 230–31 (Tex. 2008).

Rule
306a provides in part as follows: 

1.  Beginning of
periods.  The date of judgment or order is signed as shown of record shall
determine the beginning of the periods prescribed by these rules for the
court’s plenary power to grant a new trial . . . and for filing in the trial
court the various documents that these rules authorize a party to file within
such periods . . . .

. . . .

3.  Notice of
judgment.  When the final judgment or other appealable order is signed, the
clerk of the court shall immediately give notice to the parties or their
attorneys of record . . . .

4.  No notice of
judgment.  If within twenty days after the judgment or other appealable
order is signed, a party adversely affected by it or his attorney has neither
received the notice required by paragraph (3) of this rule nor acquired actual
knowledge of the order, then with respect to that party all the periods
mentioned in paragraph (1) shall begin on the date that such party or his
attorney received such notice or acquired actual knowledge of the signing,
whichever occurred first, but in no event shall such periods begin more than
ninety days after the original judgment or other appealable order was signed. 

Rule 4.2(a)(1)
similarly provides additional time to file documents when “a party affected by
a judgment or other appealable order” has not received the notice required by
Rule 306a.  

Appellants’
reliance on these rules is misplaced.  The provisions of Rule 306a and Rule 4.2
specifically apply to final judgments and appealable orders.  The May 26
written order denies a motion for new trial and is, therefore, not a final
judgment or an appealable order.  One of our sister courts has likewise rejected
the contention that the lack of notice of an order overruling a motion for new
trial extends a trial court’s plenary power.  McClelland v. Partida, 818
S.W.2d 453 (Tex. App.—Corpus Christi 1991, writ dism’d w.o.j.).  The McClelland
court stated: 

However, Parras [a
plaintiff whose claims had been dismissed by an order of dismissal] apparently
convinced the respondent trial court that its failure to provide him with
timely notice of the overruling of his motion for new trial extended the trial
court’s plenary power under the provisions of Tex.R.Civ.P. 306a, which provides
for an extension of the trial court’s plenary power over the judgment in
certain cases, as follows: 

[Rule 306a(4) was quoted
here]

The present order overruling the motion
for new trial, however, is not a judgment or other appealable order.  See
Puckett v. Frizzell, 402 S.W.2d 148, 151 (Tex. 1966).  Thus, regardless of
the fact that Parras may not have had notice of the overruling of his motion,
the trial court’s period of plenary power remained the same, unaffected by Rule
306a(4).  We thus hold that the trial court’s attempt to grant a new trial and
any further assertions of jurisdiction over the present case are null and void.


818 S.W.2d at
455–56 (footnote omitted).  

Appellants
have also asked that we suspend the operation of the rules for good cause under
Tex. R. App. P. 2 and,
alternatively, that we abate the appeal so that the trial court may enter a
finding under Rule 306a.  As discussed above, a finding under Rule 306a that
appellants did not receive notice of the May 26 order would not benefit
appellants.  Therefore, abatement is unnecessary.  Furthermore, Rule 2, which
allows for suspension of the rules, specifically provides that “a court must
not construe this rule . . . to alter the time for perfecting an appeal in a
civil case.”  We also note that Tex. R.
Civ. P. 5 prohibits a court from “enlarg[ing] the period for taking any
action under the rules relating to new trials except as stated in these rules.”
 

Appellants’
Motion to Suspend Operation of Rules and for Different Procedure and
Alternative Motion to Abate is overruled, and the appeal is dismissed for want
of jurisdiction.

 

                                                                                                PER
CURIAM

 

March 1, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.