

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00025-CV

_____

IN RE:  GERALD WAYNE GEORGE

Original Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Gerald Wayne George has filed a petition asking this Court to issue a writ of prohibition. In his petition, he asks this Court to appoint an attorney to represent him and to order the 123rd Judicial District Court to hold a hearing in accordance with our opinion of January 13, 2012.[1] In that opinion on George's appeal from an order dismissing his lawsuit, we reversed and directed the trial court to conduct a hearing on his motion to reinstate. The time for issuing our mandate, however, has not yet run, and thus our judgment is not yet enforceable. TEX. R. APP. P. 18, 51.1(b).

The writ of prohibition is designed to operate like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680 (Tex. 1989); *In re Stuckey*, No. 06-07-00013-CV, 2007 WL 470697 (Tex. App.—Texarkana Feb. 15, 2007, orig. proceeding) (mem. op.). This Court has jurisdiction to issue writs of prohibition to protect its jurisdiction, including preventing interference with a pending appeal. TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.221 (West 2004). A writ of prohibition has three functions: preventing interference with higher courts in deciding a pending appeal, preventing inferior courts from entertaining suits which will relitigate controversies which have already been settled by issuing courts, and prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Tex. Capital Bank v. Hon.*

---

[1]*George v. State*, cause number 06-11-00071-CV.

*Carolyn Johnson*, 864 S.W.2d 186 (Tex. App.—Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453 (Tex. App.—Corpus Christi 1991, orig. proceeding).

The relief requested falls into none of these categories.   The challenged action by the trial court does not interfere with our ability to decide an appeal pending before us, relitigation is not an issue, and the petition does not implicate the jurisdiction of the trial court over the proceeding.

We deny the petition.


Jack Carter
Justice

Date Submitted:     March 5, 2012
Date Decided:       March 6, 2012

3