ACCEPTED
03-15-00285-CV
5816065
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/25/2015 8:52:53 AM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00285-CV**

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/25/2015 8:52:53 AM
JEFFREY D. KYLE
Clerk

**VOLKSWAGEN GROUP OF AMERICA, INC.
AND AUDI OF AMERICA, INC.**

*Appellants*

v.

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF
THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND THE
HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE
PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS
ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF
ADMINISTRATIVE HEARINGS**

*Appellees*

On Appeal from the 201st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-15-001186
Honorable Amy Clark Meachum, Presiding Judge

**APPELLANTS VOLKSWAGEN GROUP OF AMERICA, INC. AND AUDI
OF AMERICA, INC.'S SUPPLEMENT TO THEIR VERIFIED MOTION
FOR TEMPORARY RELIEF TO PROTECT THE COURT'S
JURISDICTION**

_____

Appellants file this Supplement to Their Motion for Temporary Order to Protect the Court's Jurisdiction and show:

## A.    INTRODUCTION

1.    Appellants are automobile manufacturers Volkswagen Group of America, Inc. and Audi of America, Inc. (collectively "Audi").

2. Appellees are three individuals who are sued in their official capacities, John Walker III, Michael J. O'Malley and Penny A. Wilkov. Walker is Chair of the Texas Department of Motor Vehicles Board. O'Malley and Wilkov are Administrative Law Judges for the State Office of Administrative Hearing (SOAH)[1].

3. In this appeal, Audi seeks to overturn the 201st Judicial District Court's erroneous grant of Defendants/Appellees' Pleas to the Jurisdiction and the resulting dismissal of Audi's district court lawsuit.

4. Audi has previously filed a motion requesting temporary relief to protect this Court's jurisdiction over this appeal and to prevent the issues presented in this appeal from becoming moot. This supplement brings new information to the Court which demonstrates that temporary relief is needed to prevent this appeal from being mooted by actions taken in the underlying contested administrative case.

**B. BACKGROUND**

5. As this Court may recall, Audi filed suit in a Travis County district court to enjoin Appellees from conducting *ultra vire*s acts and remand proceedings

---

[1] The Texas Supreme Court held in *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368 (Tex. 2009), that an action to "determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars," and, therefore must be brought against the state actor in his or her official capacity since the state and its subdivisions remain immune. *Id.* at 373*; Southwestern Bell Tel., L.P. v. Emmett*, ___ S.W.3d ____, 58 Tex. Sup. Ct. J. 567; 2015 WL 1285326 (Tex. 2015).

in an underlying contested administrative case (Contested Case)[2] that is pending in the Texas Department of Motor Vehicles, Motor Vehicle Division (the Board) in which Budget Leasing Inc. d/b/a Audi North Austin and Audi South Austin (Budget) and others, protested the manufacturer's rejection of Budget's proposed transfer of two Audi dealerships to a group of investors.  CR 117-148 and exhibits thereto; 367-369.  CR.

6.    After a full trial before two SOAH Administrative Law Judges, Appellees O'Malley and Wilkov (the ALJs), the Board dismissed the protest because Budget had not strictly complied with the protest application provision of the Texas Occupations Code, therefore, the Board did not enter a decision based on the PFD proposed by the ALJs.  CR 503-505.

7.    After the dismissal, Budget and the Intervenors (some of the prospective transferees)[3] filed a motion for rehearing with the Board.  The Board granted rehearing and voted to remand the Contested Case back to SOAH, over Audi's objections that, among other things, Chairman Walker did not have the

---

[2]    The administrative Contested Case is styled *Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc., et. al.*, MVD Docket No. 13-0008-LIC, SOAH Docket No. 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.LIC, before the Texas Department of Motor Vehicles, Motor Vehicle Division (the "Contested Case").

[3]    Under the Occupations Code, proposed transferees do not have standing to bring a protest action—only the existing dealer has standing to protest a manufacturer's refusal to approve a proper transfer.  Tex. Occ. Code § 2301.360(a) ("A dealer whose application is rejected under Section 2301.359 may file a protest with the board."); *Butnaru v. Ford Motor Company*, 84 S.W.3d 198, 206 (Tex. 2002) ("The Code's definition of 'dealer' includes licensed dealers but not prospective transferees.")

3

statutory authority to order the remand[4] and that the ALJs did not have the statutory power to conduct the remand or reopen evidence after the issuance of a PFD.[5] The Contested Case was remanded to the ALJs for further proceedings *on an expedited basis*.[6] Upon receipt of the remand, the ALJs created and implemented an expedited schedule for the remand. CR 133; CR 152-53; 169; CR 506-526; 152-153.

8. Audi filed this action and requested injunctive relief to, among other things, prevent Appellees from conducting the *ultra vires*: 1) remand of the Contested Case; 2) reopening of evidence after issuance of the PFD; 3) issuance of a new PFD by the ALJs; and, 4) issuance of a new final decision. *See e.g., Heinrich*, 284 S.W.3d at 369. Dendants/Appellees responded to the suit with Pleas

---

[4] Appellees do not have inherent powers. Instead, as state agency actors, they only have the powers specifically given to them by the legislature. *See e.g., Sexton v. Mount Olivet Cemetery Assn*, 720 S.W.2d, 137 (Tex. App.—Austin 1986, writ ref'd n.r.e.). Chairman Walker was not authorized to issue a remand because remand is not a power listed in § 2001.058(e) of the Administrative Procedure Act. Further, there are other *ultra vires* acts that are a part of this appeal. The remand order materially differs from a board member's motion, making the order itself *ultra vires*. CR 7-8, 1898, 1905-06, 1908. Moreover, the remand is designed to consider "evidence" that was not timely filed despite the fact that the Code only permits the board members and ALJs to consider "materials that are submitted timely." Tex. Occ. Code § 2301.709(a); 2301.154. This "evidence" was not presented for the Board's consideration until October 15, 2014 despite the fact that the evidence had closed on May 28, 2014, the ALJs issued a PFD on July 16, 2014 and the Board issued a Final Order on September 12, 2014. CR 502, 505. In fact, this "evidence" was not even mentioned in Budget's operating Motion for Rehearing. *See e.g.*, CR 139.

[5] The ALJs are outside their authority because SOAH Rule 155.153 only allows an ALJ to reopen evidence "if the judge has not issued a dismissal, proposal for decision, or final decision." Here, the remand attempts to reopen evidence long after the ALJs issued a PFD. *See e.g.*, CR 140.

[6] Not only did the Board's order request that the ALJs expedite their remand proceedings, but Chairman Walker also assured counsel for Budget that "as soon as we get this back . . . we will expedite and move the process along as quickly as possible. You have my word on that." Ritsema Affidavit (previously filed in support of Audi's Motion for Temporary Relief) at ¶ 13.

4

to the Jurisdiction in which they asserted governmental immunity from suit and the exhaustion of remedies doctrine. CR 821-843.

9.   The court below erroneously granted the Defendants/Appellees' Pleas to the Jurisdiction allowing Appellees' *ultra vires* acts and the remand of the Contested Case to go forward. CR 2030-31. Audi then filed this appeal and sought temporary relief to protect this Court's jurisdiction to decide this dispute. Since filing its request for temporary relief, an additional action has taken place in the contested administrative case that increases the need for temporary relief.

## C.   NEW DEVELOPMENT

10.   As mentioned above, the ALJs are using a compressed schedule for the remand of the Contested  Case.  In fact, the ALJs conducted the remand hearing on April 16, 2015 and required post-hearing briefing by May 28, 2015. CR 133;152-53; 169.

11.   In a new development, occurring just days after Audi filed its motion for temporary relief with this Court, the ALJs closed the evidence in the contested case on June 16, 2015.  Donley Affidavit attached hereto and incorporated herein. The ALJs' closure of the evidence makes Audi's request for temporary relief even more necessary because, under the Administrative Procedure Act, the ALJs must issue a PFD within 60 days of the closing of evidence in a hearing. Tex. Gov't Code § 2001.143. Since the evidence was closed on June 16, 2015, the ALJs could

5

issue a second, *ultra vires*, PFD at any time prior to August 15, 2015. As a result, the Board could enter a Final Decision based on that PFD before this Court can reach the merits of this appeal, since this Court does not hear arguments during the Summer and is unlikely to be able to issue an opinion on the merits of this appeal before Fall. Ritsema Affidavit (previously filed in support of Audi's Motion for Temporary Relief) at ¶ 13. T

12.    As such, this Court should exercise its power to prevent Appellees from taking further steps in the administrative remand which would render Audi's appeal moot and deprive this Court of jurisdiction over it. *See, e.g.*, Tex. R. App. P. 29.3; Tex. R. App. P. 43.6; *Cobb v. Thurmond*, 899 S.W.2d 18, 19 (Tex. App.—San Antonio 1995, writ denied); *Lamar Builders, Inc. v. Guardian Savings & Loan Association*, 786 S.W.2d 789, 790 (Tex. App.—Houston [1st Dist.] 1990, no writ)[7].

WHEREFORE, PREMISES CONSIDERED, Appellants Volkswagen Group of America, Inc. and Audi of America, Inc. respectfully request that this Court grant temporary relief preventing Appellees from conducting further remand

---

[7]    *See also Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682-83 (Tex. 1989) (noting that a superior appellate court has power to issue a writ against an inferior tribunal to prohibit it from interfering with a pending appeal or enforcement of the appellate court's orders); *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding) ("[An order] may issue to . . .prevent interference with higher courts in deciding a pending appeal . . . .") (citing *Tex. Capital Bank–Westwood v. Johnson*, 864 S.W.2d 186, 187 (Tex. App.—Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453, 456 (Tex. App.—Corpus Christi 1991, orig. proceeding)); *In re Shields*, 190 S.W.3d 717, 719 (Tex. App.—Dallas 2005, no pet.) (citing *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 657 (Tex. 1992)) ("A court of appeals may issue such a writ to prevent an appeal from becoming moot.")

proceedings in the Contested Case, from issuing a PFD based on the remand, and from entertaining, issuing, signing or entering a Final Decision based on the remand until this Court rules on the merits of Audi's appeal. Audi also requests such other and further relief, both general and specific, at law and in equity, to which it may be entitled.

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ S. Shawn Stephens
S. Shawn Stephens
Texas Bar No. 19160060
sstephens@kslaw.com
James P. Sullivan
Texas Bar No. 24070702
jsullivan@kslaw.com
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Billy M. Donley
Texas Bar No. 05977085
Mark E. Smith
Texas Bar No. 24070639
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

*Attorneys for Appellants*
*Volkswagen Group of America, Inc.*
*and Audi of America, Inc.*

## CERTIFICATE OF CONFERENCE

As required by TEX. R. APP. P. 10.1, I conferred counsel for Appellees on the merits of Appellants' Supplement to Their Verified Motion for Temporary Relief to Protect the Court's Jurisdiction. Dennis McKinney, counsel for Appellee John Walker III, is now opposed. Kimberly Fuchs, Counsel for Appellees Michael J. O'Malley and Penn A. Wilkov, is opposed. Dent M. Morton, counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC, is opposed. Therefore, I assume that they are all opposed to this supplement to the motion.

/s/ S. Shawn Stephens
S. Shawn Stephens

## CERTIFICATE OF SERVICE

I certify that on June 25, 2015, I used the Court's electronic case filing system to file this Motion for Temporary Order to Protect the Court's Jurisdiction and to serve this document on counsel for appellees as follows:

| | |
|---|---|
| William R. Crocker | Kimberly Fuchs |
| crockerlaw@earthlink.net | kimberly.fuchs@texasattorneygeneral.gov |
| 807 Brazos, Ste. 1014 | Assistant Attorney General |
| Austin, Texas 78701 | Texas Attorney General's Office |
| | P.O. Box 12548 |
| *Counsel for Appellees Ricardo M.* | Austin, Texas 78711-2548 |
| *Weitz; Hi Tech Imports North, LLC;* | |
| *Hi Tech Imports, South, LLC; and* | *Counsel for Appellees Michael J. O'Malley* |
| *Hi Tech Imports, LLC* | *and Penny A. Wilkov* |

J. Bruce Bennett
jbb.chblaw@sbcglobal.net
Cardwell, Hart & Bennett, LLP
807 Brazos, Suite 1001
Austin, Texas 78701

*Counsel for Appellees Ricardo M.
Weitz; Hi Tech Imports North, LLC;
Hi Tech Imports, South, LLC; and
Hi Tech Imports, LLC*

Joseph W. Letzer
jletzer@burr.com
Dent M. Morton
dmorton@burr.com
Burr & Forman, LLP
420 20th Street N., Suite 3400
Birmingham, AL 35203

*Counsel for Appellees Ricardo M.
Weitz; Hi Tech Imports North, LLC;
Hi Tech Imports, South, LLC; and
Hi Tech Imports, LLC*

Dennis McKinney
dennis.mckinney@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellee John Walker III*

/s/ S. Shawn Stephens
S. Shawn Stephens

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

**VOLKSWAGEN GROUP OF AMERICA, INC.**
**AND AUDI OF AMERICA, INC.**

Appellants

vs.

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF**
**THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND THE**
**HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE**
**PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS**
**ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF**
**ADMINISTRATIVE HEARINGS**

Appellees

On Appeal from the 201st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-15-001186
Honorable Amy Clark Meachum, Presiding Judge

**AFFIDAVIT OF BILLY M. DONLEY**

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

1.     On this date, Billy M. Donley personally appeared before me, the undersigned Notary Public, and after being duly sworn stated the following under oath:

2.     My name is Billy M. Donley. I am currently over the age of twenty-one (21). I have never been convicted of a felony or a crime of moral turpitude. I

am under no legal disability and I am fully competent to make this Affidavit. I am lead counsel for Appellants Volkswagen Group of America, Inc. and Audi of America, Inc.'s (collectively "Audi"). I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

3. On June 15, 2015, Protestant and Intervenors in the underlying contested case submitted their reply to Audi's June 10, 2015 letter brief, in which they stated: "[i]n the interest of expediting this matter and in hopes of getting this case placed on the Board's agenda for its August meeting, Protestant and Intervenors respectfully request that your Honors consider the record to be closed as of the date of this letter so that the PFD rendition and exceptions process may begin as soon as practicable."

4. Attached hereto as Exhibit "1" is a true and correct copy of Remand Order No. 15 Closing the Record, entered by Administrative Law Judges Michael J. O'Malley and Penny A. Wilkov with the State Office of Administrative Hearings on June 16, 2015 in the underlying contested case styled *Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc., et. al.*, MVD Docket No. 13-0008-LIC, SOAH Docket No. 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.LIC pending before the Texas Department of Motor Vehicles, Motor Vehicle Division.

Signed this 24th day of June, 2015.

_____
Billy M. Donley

SUBSCRIBED and SWORN to before me on this 24th day of June, 2015, to certify which witness my hand and official seal.

_____
Notary Public in and for the
State of Texas

CRISELDA V STEVENS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
DEC. 23, 2017