INTERNATIONAL SPECIALTY PRODUCTS, INC., Appellant,

v.

CHEM–CLEAN PRODUCTS, INC., Appellee.

No. 6244.

Court of Civil Appeals of Texas, Waco.

Dec. 31, 1980.

482

Charles B. Kirklin, Steven B. Harris, Childs, Fortenbach, Beck & Guyton, Houston, for appellant.

Jack K. Smith, Joe Michael Russell, Smith, Ralston & Russell, Corsicana, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from a judgment granted in a breach of contract suit.

In its first point of error, Appellant contends that the trial court erred in failing to make and file findings of fact and conclusions of law after timely request was made by Appellant.

█ The judgment in this case was signed on April 3, 1980. Appellant filed a Motion for New Trial on April 10, 1980 and an Amended Motion for New Trial on April 24, 1980. If filed its Request for Findings of Fact and Conclusions of Law on April 14, 1980. The trial court refused to file the requested findings and conclusions.[1]

Appellee contends that the trial court properly denied Appellant's request because the request was prematurely filed. Appellee relies on Rule 296, T.R.C.P., which reads as follows:

"___upon a trial by the court, the judge shall, at the request of either party, which request shall be filed within ten days from rendition of final judgment or order overruling motion for new trial, state in writing the conclusions of fact

found by him separately from the conclusions of law."

Appellee reasons that this language, properly construed, sets up two mutually exclusive and independent time periods within which a request for findings and conclusions *must* be made, to wit: (1) if no motion for new trial is filed, the request must be filed between the time the judgment is signed and the tenth day thereafter; and (2) if a motion for new trial is filed, the request must be filed between the time the motion for new trial is overruled (by order or by operation of law) and the tenth day thereafter. Appellee argues that a request must be filed at either of these two times, whichever is appropriate, and if filed at any other time after the rendition of judgment, then the request is improper and of no effect. Thus, Appellee concludes that since there was a motion for new trial in this case and since the request for findings and conclusions was not filed between the date that the motion for new trial was overruled and the tenth day thereafter, the request was prematurely filed and was properly refused by the trial court.

Appellant, on the other hand, argues that Rule 296 does not contemplate two separate periods for filing a request, but instead contemplates a single period, which may be lengthened in duration by the filing of a motion for new trial. In other words, Appellant contends that the request must be filed within ten days of the rendition of judgment, unless a motion for new trial is filed, in which case the request may be filed anytime after the rendition of judgment but before the tenth day after the motion for new trial is overruled.

█ We adopt Appellant's interpretation of Rule 296 as the most reasonable. See *Puckett v. Frizzell*, 402 S.W.2d 148 (Tex. 1966), for our Supreme Court's discussion of a case that presented a question somewhat analogous to the one presented in the instant case.

---

1. A timely second request pursuant to Rule 297 is not necessary when the trial court refuses to make findings. *Fortney v. Olivetti Underwood Corp.* (Houston CA 1966) 398 S.W.2d 178, no writ.

We conclude that the motion for new trial in this case had the effect of extending the time within which a request for findings of fact and conclusions of law could properly have been filed. The motion for new trial did not have the effect of rendering Appellant's request premature and of no effect. We therefore sustain Appellant's point that the trial court erred in refusing to file findings and conclusions in this case.

Appellant has requested that we reverse and render this case on the ground of this error, but such action would be improper. Rule 434 provides that 'if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Civil Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred." This provision is directly applicable to the error in this case. We therefore hereby enter an order directing the trial judge to correct this error by filing findings of fact and conclusions of law in this case. Further we will allow the parties to make requests for additional findings and conclusions if desired and will thereafter allow them to file supplemental briefs incorporating points that may be raised by the findings and conclusions. See *Rose v. Rose* (Dallas CA 1980) 598 S.W.2d 889, writ dismissed, as an example of another case wherein such a correction procedure was utilized.

TRIAL COURT ORDERED TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW.