COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DBR CUSTOM BUILDERS, LLC, | § | No. 08-24-00080-CV |
| Appellant, | § | Appeal from the |
| v. | § | 109th Judicial District Court |
| HECTOR MARRUFO, | § | of Andrews County, Texas |
| Appellee. | § | (TC# 22,441) |

## MEMORANDUM OPINION

Appellant DBR Custom Builders, LLC (DBR) and Appellee Hector Marrufo assert competing claims to ownership of a tract of commercial real estate in Andrews County. DBR contends it bought the tract for value in good faith and had no notice of any prior interest held by Marrufo. Marrufo, in turn, contends that before DBR bought the tract, Marrufo both filed a lis pendens on the property and informed DBR of his interest. After a bench trial, the trial court entered judgment in Marrufo's favor. DBR challenges (1) the trial court's denial of its request for findings of fact and conclusions of law, and (2) the legal and factual sufficiency of the evidence. For the following reasons, we affirm the trial court's judgment.

## I. BACKGROUND

### A. Factual background

In 2016, Marrufo bought six acres of real property in Andrews County from Danny and Amber Couch. The property includes a home, which sits on a 5.25-acre residential tract, and a

mechanic's shop, which sits on a .75-acre commercial tract.

The sale was financed with a loan from the Couches, with legal title to be transferred to Marrufo after his final installment payment, which was originally scheduled to occur in 2021. However, in July 2018, Marrufo obtained a bank loan for the residential tract, paid off the portion of the Couch loan attributable to that tract, and received legal title to the same. As to the commercial tract, Marrufo claims that by November 2018 he had fully paid off the remainder of the Couch loan attributable to that tract too, but the Couches refused to transfer legal title. DBR takes no position on whether Marrufo paid back the Couch loan, instead asserting that Marrufo "did not make use of the business [i.e., the mechanic's shop], and the Couches refused to convey legal title to him." The dispute between Marrufo and the Couches culminated in the Couches dispossessing Marrufo of the commercial tract and Marrufo suing them in federal court as a result.

In June 2019, while Marrufo's federal suit against the Couches was pending, the Couches erected a "for sale" sign on the commercial tract. In response, Marrufo filed a lis pendens on the tract on June 24, 2019. In addition, according to Marrufo, having learned of DBR's interest in buying the tract, Marrufo spoke face-to-face and by phone with Robert Johns, DBR's owner, about Marrufo's claim to the tract "at least a few weeks before Thanksgiving of 2019." In contrast, according to DBR, Marrufo did not contact it about his claim until December 2019, after DBR had already bought the tract from the Couches on November 26, 2019—two days before Thanksgiving.

**B. Procedural background**

Marrufo sued DBR, pleading trespass, trespass-to-try-title, suit-to-quiet-title, and breach-of-contract claims. A bench trial was held on March 4, 2024. Both Marrufo and Johns testified. The evidence admitted also included the 2016 loan agreement between Marrufo and the Couches, the lis pendens Marrufo filed on June 24, 2019, and the warranty deed transferring title to DBR on

2

November 26, 2019.[1]

The trial court signed a final judgment in Marrufo's favor on March 5, 2024. The judgment included a number of conclusions of law—including that "[Marrufo] owns in fee simple and is entitled to the quiet and peaceful possession of [the property at issue]"; and "[DBR] . . . ha[s] no estate, right, title, lien, or interest in or to the [p]roperty"—but no findings of fact.

On April 2, 2024, DBR filed a request for findings of fact and conclusions of law, a motion for new trial, and a notice of appeal. DBR's request for findings of fact and conclusions of law was denied as untimely. DBR's motion for new trial was denied without explanation. DBR then made a renewed request for findings of fact and conclusions of law, arguing that "[a] motion for new trial extends the time in which a request for findings of fact and conclusions of law may be made, by extending it to any time after the rendition of judgment but before the 10th day after the motion for new trial was overruled." This renewed request was, like the first one, denied as untimely.

## II. ISSUES ON APPEAL

DBR raises two issues on appeal, arguing (1) the trial court "improperly refused to issue findings of fact and conclusions of law because the filing of a motion for new trial extends the time in which a party may request such findings"; and (2) the trial court "should have concluded, as a matter of law, that [DBR] was a good-faith purchaser for value, and it was unreasonable of the trial court to have inferred that [DBR] had actual notice of any cloud to title to the property."

---

[1] Marrufo additionally sought to introduce requests for admissions he asserted DBR never answered and were thus deemed admitted, but the record reflects no ruling by the trial court admitting this evidence.

## III. Discussion

### A. Findings of fact and conclusions of law

After a bench trial, a party may ask a district court to issue written findings of fact and conclusions of law. Tex. R. Civ. P. 296. The trial court has a mandatory duty to respond to such a request, if timely filed, and its failure to do so is error. *Hernandez v. Moss*, 538 S.W.3d 160, 164 (Tex. App.—El Paso 2017, no pet.) (citing *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989)). However, to be timely, such a request must be filed within 20 days after the judgment is signed. Tex. R. Civ. P. 296.

Here, the judgment was signed on March 5, 2024, and DBR filed its request for findings of fact and conclusions of law on April 2, 2024, more than 20 days later. Despite having missed the deadline under Rule 296, DBR argues its request was nevertheless timely because it also filed a motion for new trial. That is, according to DBR, while "[the] law is unclear," the "superior" construction of Rule 296 is that "the filing of a motion for new trial expands the period in which findings of fact and conclusions of law can be requested." In support of this argument, DBR cites *International Specialty Products, Inc. v. Chem-Clean Products, Inc.*, which indeed held that a motion for new trial "extend[ed]" the time to request findings of fact and conclusions of law. 611 S.W.2d 481, 483 (Tex. App.—Waco 1980, no writ). However, this holding was based on an earlier version of Rule 296, which, unlike the current rule, provided that a request for findings of fact and conclusions of law could be filed after a motion for new trial. *International Specialty*'s reasoning does not apply to the current rule.[2] Nor, contrary to DBR's assertion, does *Puckett v. Frizzell*, 402

---

[2] In 1980, when *International Specialty* was decided, Rule 296 provided two timeframes for filing a request for findings of fact and conclusions of law—within ten days after "rendition of final judgment," *or* within ten days after "[an] order overruling motion for new trial." Tex. R. Civ. P. 296 (Vernon 1957, superseded 1981) (emphasis added). In *International Specialty*, the judgment was signed on April 3, 1980, and a motion for new trial was filed on April 24, 1980. 611 S.W.2d at 482. In between these events, on April 14, 1980, a request for findings of fact and conclusions of law was filed. *Id*. Because the request was thus filed neither within ten days after "rendition of final judgment," nor within ten days after "[an] order overruling [a] motion for new trial," the nonmovant argued the request was untimely,

4

S.W.2d 148, 152 (Tex. 1966) support its argument.[3]

Further, this Court has held, and other courts have agreed, despite DBR's attempts to distinguish the opinions, that Rule 296 "no longer permits the time [to file a request for findings of fact and conclusions of law] to run from the overruling of a motion for new trial." *W. Tex. Peterbilt, Inc. v. Paso Del Norte Oil Co.*, 768 S.W.2d 380, 382 (Tex. App.—El Paso 1989, writ denied)[4]; *see also Mize v. Mize*, No. 2-08-163-CV, 2009 WL 279335, at *5 (Tex. App.—Fort Worth Feb. 5, 2009, no pet.) (mem. op., not designated for publication) ("A motion for new trial thus does not extend the time for filing a request for findings of fact and conclusions of law.") (citing *Mengel v. State*, No. 13–02–00618–CV, 2004 WL 1932751, at *2–3 (Tex. App.—Corpus Christi Aug.31, 2004, no pet.) (mem. op.); *Commercial Union Ins. Co. v. La Villa ISD*, 779 S.W.2d

i.e., too late in relation to signing of the judgment but too early in relation to overruling of the motion for new trial, and thus of no effect. *Id*. Rejecting this gap-trap interpretation of former Rule 296, the court in *International Specialty* held that a motion for new trial "had the effect of *extending* the time within which a request for findings of fact and conclusions of law could properly have been filed." *Id*. at 483 (emphasis added). That is, as to a request filed during the gap between then-Rule 296's two timeframes, "[t]he motion for new trial did not have the effect of rendering [the] request premature and of no effect." *Id.*; *see also id*. at 482 (adopting interpretation that "Rule 296 does not contemplate two separate periods for filing a request, but instead contemplates a single period, which may be lengthened in duration by the filing of a motion for new trial. In other words, . . . the request must be filed within ten days of the rendition of judgment, unless a motion for new trial is filed, in which case the request may be filed any time after the rendition of judgment but before the tenth day after the motion for new trial is overruled."). Because the specific concern *International Specialty* sought to address—the arguable invalidity of a request for findings of fact and conclusions of law filed more than ten days after the signing of the judgment but before the overruling of a motion for new trial—no longer exists under current the Rule 296, *International Specialty*'s holding and reasoning are no longer relevant. Because Rule 296 now involves only a single timeframe within which a request for findings of fact and conclusions of law must be filed, i.e., within 20 days after judgment, *International Specialty*'s two-timeframe analysis no longer applies.

[3] *Puckett* simply held that when a notice of appeal is deemed filed on the day a motion for new trial is overruled, deadlines running from the notice's filing do so based on its deemed date of filing, not its actual date of filing. *Puckett v. Frizzell*, 402 S.W.2d 148, 153 (Tex. 1966). Extrapolating from *Puckett*, DBR concludes that here, "until the motion for new trial was ruled upon, the trial court could not have entered the entirety of its findings of fact and conclusions of law because at least one conclusion of law would have been that the motion for new trial should have been overruled." We do not agree that this point follows from *Puckett*. Nor do we agree that the point is valid. Findings and conclusions following a bench trial are mandatory if requested within 20 days after judgment and are to be issued within 20 days after being requested. Tex. R. Civ. P. 296, 297. In contrast, findings and conclusions following a motion for new trial are discretionary on the trial court's part and have no deadline. *Addington v. Addington*, No. 14-03-00340-CV, 2004 WL 1472127, at *2 (Tex. App.—Houston [14th Dist.] July 1, 2004, no pet.) (mem. op.). DBR cites no authority that the two are connected in the way it suggests.

[4] While in 1989, when *Peterbilt* was decided, Rule 296 imposed a ten-day deadline rather than the current 20-day deadline (the only difference from the current rule), this difference does not affect *Peterbilt*'s analysis.

102, 110 (Tex. App.—Corpus Christi 1989, no writ) (analyzing prior version of rule 296 and holding that the filing of a motion for new trial does not extend the period within which a request for findings of fact and conclusions of law must be filed)).

Finally, even if DBR had shown that the trial court erred by not issuing findings of fact and conclusions of law, reversal would be warranted only if such error was harmful; in this situation, "[t]he test for determining whether the complainant has suffered harm is whether the circumstances of the case would require an appellant to guess the reason or reasons that the judge has ruled against it." *Howe v. Howe*, 551 S.W.3d 236, 244 (Tex. App.—El Paso 2018, no pet.); *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (per curiam) (recognizing that if the record shows no injury to the complaining party, e.g., the burden of rebutting presumed findings is not so burdensome that it effectively prevents the party from properly presenting its appeal, then there is no harm). DBR does not argue that it must guess the reasons that the trial court ruled against it. *Landbase, Inc. v. T.E.C.*, 885 S.W.2d 499, 501–02 (Tex. App.—San Antonio 1994, writ denied) (determining that failure to file findings and conclusions was harmless where the basis for the court's ruling was apparent from the record). Despite the lack of findings, DBR was not prevented from properly presenting its appeal.

Accordingly, we overrule Issue One.

### B. Sufficiency of the evidence

When findings of fact are neither filed nor timely requested after a bench trial, we infer that the trial court made all findings required to support its judgment, provided: (1) the required findings are supported by the pleadings and the evidence; and (2) the judgment can be sustained by a reasonable theory consistent with the evidence and applicable law. *Matter of Estate of Masters*, 659 S.W.3d 145, 149 (Tex. App.—El Paso 2022, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)). The trial court's findings, express or implied, are reviewable

for legal and factual sufficiency by the same standards as a jury's verdict. *Id*.

### (1) Legal sufficiency

In reviewing a claim that the evidence is legally insufficient to support a trial court's finding, we consider only the evidence and inferences that to tend support the finding and disregard all contrary evidence and inferences. *De Avila v. Espinoza Metal Bldg. & Roofing Contractors*, 564 S.W.3d 150, 154 (Tex. App.—El Paso 2018, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). Anything more than a scintilla of evidence is legally sufficient to support the trial court's finding. *Id*. (citing *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003)). We will sustain a no-evidence issue only when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Marathon Corp.*, 106 S.W.3d at 727. Ultimately, "[t]he final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller*, 168 S.W.3d at 827.

Here, Marrufo testified that he filed a lis pendens on the property in the summer of 2019. The lis pendens itself, a copy of which was admitted at trial as Exhibit 3, reflects it was filed of record in Andrews County on June 24, 2019. DBR does not contend that the lis pendens was defective or improperly filed. And as DBR acknowledges, a properly filed lis pendens operates as constructive notice to the world of its contents. Tex. Prop. Code Ann. § 13.004(a); *B&T Distributors, Inc. v. White*, 325 S.W.3d 786, 789 (Tex. App.—El Paso 2010, no pet.). Such constructive notice precluded DBR from becoming a bona fide purchaser. *See B&T Distributors* at 789 (A lis pendens "put[s] prospective buyers on notice that they acquire any interest subject to the outcome of the pending litigation"); *Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 418

(Tex. App.—Fort Worth 2009, no pet.) (lis pendens does not void conveyance; interest of grantor merely passes subject thereto); *In re Gaudet*, 625 S.W.3d 887, 892 (Tex. App.—El Paso 2021, no pet.) ("When the notice is properly filed, even a subsequent purchaser for value does not take the property free and clear."). DBR musters no argument that Marrufo's testimony or Exhibit 3 constitutes no more than a scintilla of evidence DBR had constructive notice of Marrufo's prior claim.

In addition, as to actual notice, Marrufo testified that he spoke face-to-face and by phone with DBR's owner, Robert Johns, about Marrufo's claim "[a]t least a few weeks before Thanksgiving of 2019," that is, before DBR bought the tract from the Couches. Again, DBR musters no argument that this testimony constitutes no more than a scintilla of evidence that DBR had actual notice of Marrufo's prior claim.

We conclude there was legally sufficient evidence DBR had both constructive and actual notice of Marrufo's prior claim to the property prior to purchasing it, thereby precluding DBR from attaining bona fide purchaser status, the only theory under which DBR contends it has superior title.

### (2) Factual sufficiency

In reviewing a claim that the evidence is factually insufficient to support a trial court's finding, we must "consider and weigh all of the evidence presented and will reverse only if the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all of the evidence, that the finding should be set aside and a new trial ordered." *De Avila*, 564 at 156 (citing *Crosstex N. Texas Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 615 (Tex. 2016)). In doing so, we may not reweigh the witnesses' credibility or substitute our judgment for that of the trial court, even if the evidence would clearly support a different result. *Burrus v. Reyes*, 516 S.W.3d 170, 182 (Tex. App.—El Paso 2017, pet. denied).

8

Here, noting that Johns testified he "used Permian Basin Abstract to conduct a title search and saw no impediment" to title and "obtained a mortgage loan from Citibank for approximately $160,000" to buy the property, DBR contends that "it was unreasonable for the trial court to resolve the factual issue of notice of the ongoing suit against DBR, and DBR should have been found, as a matter of law, as a good faith purchaser for value." That is, according to DBR, "[i]t is unreasonable to infer that both the title company and the mortgage company were aware of the pendency of the Marrufo suit against the Couches . . . and chose to issue the title policy and mortgage anyway." We do not agree that the testimony cited establishes that the evidence at trial was factually insufficient to support the judgment. No representative from Permian Basin Abstract or Citibank testified. No evidence relating to any title search that either entity may have performed was introduced in evidence. On the record before us, why or how DBR might have been issued a title policy or mortgage despite Marrufo's lis pendens is simply unknown.

Further, as to communications between Marrufo and Johns, DBR contends that "[Marrufo] himself admits he never discussed any cloud of title with Johns until after the suit was filed in the beginning of December," and "Johns['s] uncontradicted testimony was that there was no apparent impediment to him to purchase the property." In this regard, Johns testified that Marrufo first communicated with him about Marrufo's prior interest in the property via a text sent in December 2019. However, as noted above, Marrufo testified that he spoke face-to-face and by phone with Johns about his claim "[a]t least a few weeks before Thanksgiving of 2019." While the testimony of Marrufo and Johns regarding the contents and timing of their communications is conflicting, we do not reweigh the witnesses' credibility or substitute our judgment for that of the trial court. *Burrus*, 516 S.W.3d at182; *see also EJ Madison, LLC v. Pro-Tech Diesel, Inc.*, 594 S.W.3d 632, 639 (Tex. App.—El Paso 2019, no pet.) ("[Where] the trial court [is] the sole judge of the credibility of the witnesses and the weight to be given to their testimony and to the extent that

9

conflicting evidence exists in this record, we presume the trial court, as the sole trier of fact, resolved such conflicts in favor of the prevailing party.").

We conclude there was factually sufficient evidence DBR had both constructive and actual notice of Marrufo's claim to the property prior to purchasing it, thereby precluding DBR from attaining bona fide purchaser status.

Accordingly, we overrule Issue Two.

## IV. CONCLUSION

We affirm the judgment of the trial court.


LISA J. SOTO, Justice


January 28, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.


10